Ronald Henderson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Allentown Sacred Heart Hospital, Respondents.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Richard J. Orloski,* with him *Stamberg, Caplan & Calnan,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *James Bradley,* Assistant Attorney General, and *Gerald Gornish,* Attorney General, for respondent.

PER CURIAM OPINION, April 10, 1979:

Ronald Henderson (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of unemployment compensation benefits to Claimant pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law (Act).[1] We affirm.

Claimant had been employed by Allentown Sacred Heart Hospital as an orthopedic technician prior to his discharge for willful misconduct. On April 2, 1977,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

in the course of his employment, Claimant assisted other hospital personnel in removing a deceased patient's body from a fifth floor room to the ground floor morgue. While so engaged, Claimant overheard a conversation among several nurses regarding their unsuccessful attempts to remove a ring from the deceased patient's finger. On his own volition Claimant then obtained a ring cutter, removed the ring, placed it in his pocket without informing anyone of its whereabouts, and later denied taking the ring when questioned about it by his employer. When local police were called in to investigate the disappearance of the ring, Claimant admitted he removed the ring with the intent of returning it to the decedent's relatives. Charges of misdemeanor first degree were brought against Claimant and reduced to a summary conviction to which Claimant pleaded guilty and paid a fine.

It is well established that an employee is ineligible for benefits under the Act when discharged for willful misconduct which is the wanton disregard of the employer's interest, a deliberate violation of rules, a disregard of expected behavior standards or negligence manifesting culpability, wrongful intent, evil design or an intentional and substantial disregard for the employer's interests or the employer's duties and obligations. *Schappe v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978). In light of Claimant's admission that he did take the ring without authorization from his employer and his subsequent denial of taking it, coupled with his failure to return the ring to either the hospital or the rightful owner(s), we are constrained to agree with the referee's finding that these actions were detrimental to the best interests of employer and were in severe violation of acts of conduct the employer has the right to expect of his employees.

Accordingly, we

PER CURIAM ORDER

AND Now, this 10th day of April, 1979, the decision of the Unemployment Compensation Board of Review, No. B-150905, denying unemployment compensation benefits to Ronald Henderson is affirmed.