Elwood Weller, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent

Argued February 4, 1980, before Judges Rogers, Blatt and Williams, Jr., sitting as a panel of three.

*Peter B. Macky*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him, *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

Opinion by Judge Williams, Jr., May 23, 1980:

The petitioner, Elwood Weller, appeals from an order of the Unemployment Compensation Board of Review denying him unemployment benefits.[1] The Board's order affirmed a determination by the Referee that the petitioner was discharged for "willful misconduct" and was therefore ineligible for benefits under Section 402 (e) of the Unemployment Compensation Law. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(e). The petitioner asserts that the Board's order was not supported by substantial evidence and was contrary to law.

On October 26, 1977 the petitioner was discharged from his employment at the General Interiors Corporation, of Lewisburg, Pennsylvania. The discharge was predicated on the petitioner's unauthorized taking, for personal use, of a chain saw belonging to his employer, which act was in violation of a promulgated plant rule.

The evidence revealed, and the Board so found, that on Saturday, October 22, 1977, the petitioner

---

[1]The Board's order was based on testimony expanded by a remand hearing arising from a prior appeal of this case to this Court. No. 562 C.D. 1978.

took the saw home without permission. The following Monday, the petitioner did not return the saw or at that time inform the employer he had taken the saw. When the local police were called to investigate the missing saw, the petitioner gave them false and misleading statements about it. It was not until October 25, 1977 that the petitioner admitted to his employer that he had taken the saw without permission; and at that time he admitted he had lied to the police about the saw.

The employer asserted that Weller was discharged for *stealing* the saw. However, the Board, through some process of its own, determined that the employer discharged him for "taking home the chain saw without permission in violation of the employer's rule". This difference in the characterization of the petitioner's taking becomes material, because the employer had two different plant rules providing different sanctions depending on the nature of the taking.

Under the employer's plant rules, if the petitioner had stolen the saw he could have been discharged for the first offense. But if the petitioner had merely removed the employer's property for personal use, without permission, the sanction was a "warning slip" for the first offense. The petitioner now contends that since the Board's finding placed his infraction within the second plant rule, he should not have been discharged for his first offense and should have received no more than a "warning slip". From that proposition, the petitioner argues that the grounds for his discharge, as found by the Board, could not constitute such "willful misconduct" as to deprive him of eligibility for benefits. We are constrained to agree.

This Court has not delineated the extent to which eligibility for unemployment benefits can be regulated by the independent rules and agreements between employer and employee. However, this Court has held

that where an employer's plant rule punishes a certain kind of infraction with a sanction less than discharge, then the commission of that infraction cannot constitute "willful misconduct" within the meaning of Section 402(e) of the Law. *Unemployment Compensation Board of Review v. Schmid*, 20 Pa. Commonwealth Ct. 286, 341 A.2d 553 (1975). This principle follows from the definition of "willful misconduct" as including behavior inimical to the employer's interest. When the employer promulgates a rule that certain misbehavior does not warrant discharge for the first offense, that is tantamount to a declaration that such a first offense is not inimical to the employer's interest. *Unemployment Compensation Board of Review v. Schmid, supra.* Not being inimical to the employer's interest, such behavior does not constitute "willful misconduct" in a statutory sense.

When the Board in this case, by its own finding, placed the petitioner's act within a plant rule calling for a sanction less than discharge, the Board as a matter of law precluded itself from classifying that act as "willful misconduct" under Section 402(e) of the Law. Therefore, we must reverse the Board's decision that the petitioner was ineligible for benefits.

ORDER

AND Now, the 23rd day of May, 1980, the Order of the Unemployment Compensation Board of Review, No. B-153308-B dated September 29, 1978, denying benefits to Elwood Weller, is reversed.

President Judge BOWMAN did not participate in the decision in this case.

———

DISSENTING OPINION BY JUDGE BLATT:
I must respectfully dissent.

The Unemployment Compensation Board of Review stated in its findings of fact:

> The claimant removed a chain saw from the employer's premises at the conclusion of work ... without permission and took it to his home.
>
> The claimant did not return the chain saw on the following Monday ... nor did he inform the employer that he had removed it.
>
> ....
>
> The claimant told the police in the presence of the employer's foreman that he had purchased the chain saw ... at a store....

It seems to me that these findings by the Board lead inevitably to the conclusion that the claimant stole the saw. *Henderson v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 550, 399 A.2d 831 (1979). Although the employer argued that the claimant was dismissed because of this theft, it is true that the Board concluded that the "dismissal came about as a result of an infraction of an employer rule against unauthorized removal of equipment" (*i.e.,* borrowing the employer's property).

I believe that the findings of fact are confusing and deficient as to whether the claimant borrowed the saw or stole it, so I would remand the case to the Board for the development of findings of sufficient specificity to enable this Court to determine if the Board's findings of fact are consistent with its conclusions of law. *Unemployment Compensation Board of Review v. Haughton Elevator Co.,* 21 Pa. Commonwealth Ct. 307, 345 A.2d 297 (1975).