William R. Coulter, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 5, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Odel Parkinson,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 24, 1975:

This is an appeal from an order of the Unemployment Compensation Board of Review affirming a referee's decision to deny unemployment compensation benefits.

William R. Coulter (claimant) was employed as a truck driver and equipment operator by the M & M Equipment Sales Company (employer) until August 9, 1973 when he was discharged. He filed an application for benefits which was denied by the Bureau of Employment Security (Bureau) on the basis that his discharge was due to willful misconduct as defined in Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(e). On appeal and after a hearing, the referee affirmed the Bureau and found as a fact that the claimant was discharged for three reasons: "(a) Claimant was found reclining in the truck during working hours with his shoes off and both doors open; (b) Claimant failed to keep the truck body clean while hauling material as per instructions; and (c) Claimant damaged the truck he was driving by hitting the curb of a bridge." The referee held that "(c)laimant's conduct was not in the best interests of the employer and caused the employer loss."

Our scope of review here, of course, is limited to questions of law and, in the absence of fraud, to a determination of whether or not the findings of the com-

pensation authorities are supported by competent evidence. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973). We have held that the question of whether or not an employee's actions amount to willful misconduct is one of law subject to our review. *Food Fair Stores, Inc. v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 535, 314 A. 2d 528 (1974). And we have consistently adopted the standard definition of willful misconduct: "Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged. for misconduct must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." *Druzak v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 481. 315 A. 2d 925 (1974); *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 213 A. 2d 221 (1965). None of the reasons given by the employer for the discharge of the claimant in this case meets the standards set by that definition.

The incident involving the claimant's reclining in his truck during working hours must be considered in the context of the entire testimony. The claimant stated at the hearing that on the day in question he had been driving the truck for the whole day when, at about two or three o'clock, he drove it to a rock pit for loading. He said that the rock crusher there was broken and that two trucks which consequently could not get loaded were waiting in front of him. Because it was a warm day and the claimant's feet were hot, he stated that,

after parking the truck, he took off his heavy boots, opened the door of the cab and reclined on the seat while placing his feet outside. He said that he remained in this position for about three or four minutes until Mr. Miller, president of the employer company, drove by and sounded his horn, at which time he sat up. None of this testimony was contradicted, and we must conclude that the claimant in this instance was in no way disregarding his employer's interest nor was he violating any standard of behavior which the employer had a right to expect. There was nothing for the claimant to do at the time except to wait in line in his truck until the crusher was fixed, and, there was no evidence as to any specific rule which the claimant violated in acting as he did. Furthermore, we are doubtful that the employer really considered the claimant's actions to be misconduct at the time for no reprimand was then issued to the claimant nor was any question ever raised concerning the propriety of his actions until after the claimant damaged the truck and was fired. Mr. Miller himself testified that reclining in the truck would probably not alone have been cause for discharge.

The other two reasons for the discharge are likewise insufficient to constitute willful misconduct.

The charge that the claimant failed to keep a clean truck might possibly indicate willful misconduct if the employee had thereby violated some specific rule or instruction or if his neglect amounted to a flagrant violation of normal standards of behavior. But the record in this case contains nothing to indicate that the employer imposed any set standards. In fact the record does not even reveal specifically in what way or ways the truck was not clean. Obviously, the accumulation of some dirt on a truck being used around a rock pit would be inevitable, and without a showing of the existence of some reasonable standards for cleanliness and a showing that those standards were breached, we do

not believe that the employer's general expression of opinion to the effect that the claimant failed to keep his truck clean sufficiently demonstrates any willful misconduct.

The charge that the claimant failed to negotiate a turn onto a bridge with damage resulting to the truck he was driving is similarly insufficient. There was no finding that the claimant was negligent, and even the employer's witness indicated at the hearing that the bridge was dangerous for drivers. It is true, of course, that this claimant had traversed the bridge in a truck many times in the past, but, even if he was negligent on the occasion here concerned, his actions clearly did not amount to willful misconduct. A single dereliction or a minor and casual act of negligence or carelessness does not constitute willful misconduct. Rather, it is a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer which will support the conclusion that an employe is guilty of willful misconduct. *See Allen Unemployment Compensation Case,* 168 Pa. Superior Ct. 295, 77 A. 2d 889 (1951).

It is the employer's burden, of course, to prove that an employee's actions rise to the level of willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973). In this case, it is apparent that the employer has failed to sustain that burden.

We, therefore, issue the following

### Order

And Now, this 24th day of February, 1975, the order of the Unemployment Compensation Board of Review is reversed and the claimant is awarded benefits for the compensable weeks ending September 8, 1973 through September 22, 1973.