George Schappe, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1978, before Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

*Cyrus Palmer Dolbin,* for petitioner.

*Reese Couch,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MacPHAIL, October 23, 1978:

This is a petition for review in the nature of an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming a Referee's decision to deny unemployment compensation benefits.

George Schappe (Claimant) was employed as a truck driver by J. Marlin Ernst Trucking Company for a period of eight (8) months preceding his discharge on November 27, 1976. The Claimant filed an application for benefits which was denied by the Bureau of Employment Security (Bureau) on the basis that the discharge was due to willful misconduct as defined in Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).[1] On Appeal and after a hearing, the Referee affirmed the Bureau and found the following facts, *inter alia*:

3. This was the second accident with a company truck within 30 days.

---

[1] An employee shall be ineligible for compensation for any week—

. . . .

(e) in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this Act.

4. Both accidents were chargeable to the company according to the Insurance Company.

5. Estimated damage involving the two accidents amounted to approximately $1,200.00.

The Referee held that Claimant's actions amounted to "conduct of a nature that was inimical to the best interests of the employer and conduct of this nature falls below the standard that an employee owes to an employer."

Our scope of review is limited to questions of law and, in the absence of fraud, to a determination of whether the Board's finding of willful misconduct was based upon substantial evidence. *Holtzman v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 525, 372 A.2d 31 (1977).

Claimant raises the narrow question of whether an employee can be denied benefits under Section 402(e) of the Act where there has been no finding of negligence on the part of the employee. This Court has held that the burden is upon the employer to establish willful misconduct under Section 402(e). *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). This Court also held in the same case that:

> Section 402(e) does not define wilful misconduct; therefore, the courts have. For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. See

Woodson v. Unemployment Compensation Board of Review, 7 Pa. Commonwealth Ct. 526, 300 A.2d 299 (1973).

*Id.* at 97, 309 A.2d at 168.

In the case now before us Claimant admitted that he was involved in two accidents. He had been employed as a driver for a period of eight (8) months. Neither the employer's representative nor the Claimant could remember the specific date of the first accident, but the employer's representative testified that it was within thirty (30) days of the second accident, a fact not disputed by the Claimant. The Referee did not state in his findings that the Claimant was "negligent." As we have noted, he stated only that the accidents were "chargeable to the company." However, the Claimant's own recital of the two accidents is substantial evidence that the Claimant was negligent in fact. Regarding the first accident, he admitted that it happened when he tried to pass on the right a vehicle immediately in front of him which was in the process of making a right turn. This is clearly negligent conduct. Claimant testified that the second accident occurred when he collided with a van which had stopped in front of him while he was looking in his mirror. Again, this is negligent conduct. While a finding by the Referee that the accidents occurred due to Claimant's negligence would have been more appropriate than a finding that they were chargeable to the employer, we are satisfied from our review of the record that the accidents were due to Claimant's negligence.

The employer's representative testified that the company sustained a $500.00 loss in the first accident and a $700.00 loss in the second. We are of the opinion that this is substantial damage to the employer.

The remaining issue to which we address ourselves is whether the Referee and the Board were correct

in concluding that two (2) accidents within thirty (30) days constitutes willful misconduct, where those accidents were the result of Claimant's negligence and caused the employer substantial damage. In *Coulter v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 462, 466, 332 A.2d 876, 879 (1975) this Court held that:

> A single dereliction or a minor and causal act of negligence or carelessness does not constitute wilful misconduct. Rather, it is a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer which will support the conclusion that an employee is guilty of willful misconduct. See Allen Unemployment Compensation Case, 168 Pa. Superior Ct. 295, 77 A.2d 889 (1951).

Claimant argues that two accidents are not sufficient to constitute willful misconduct under the holding in *Coulter.* While the number of accidents cannot be said to be unimportant in a determination of whether such accidents constitute willful misconduct, we do not believe that the number is the sole and exclusive criterion. Rather, the controlling issue is whether the nature of the Claimant's negligence is such as to demonstrate "manifest culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests *or the employee's duties and obligations." Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review, supra.* (Emphasis added). Obviously each case will have to be decided on its own facts, irrespective of the number of accidents involved. Here, the Claimant had a duty and obligation to preserve his employer's equipment. We must conclude that even though there were but two (2) accidents,

they occurred within such a short interval of time and were so demonstrative of the Claimant's lack of care for his employer's equipment that they amounted to willful misconduct.

We will affirm the Board's order.

### ORDER

AND Now, this 23rd day of October, 1978, the order of the Unemployment Compensation Board of Review dated March 24, 1977, is affirmed.