Albert Matuella, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1981, before Judges MEN-CER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Terrence J. Herron,* with him *Robert Freeman,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him *Steven R. Marcuse,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, November 18, 1981:

We have for our consideration a petition for review in the nature of an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to deny unemployment compensation benefits to Albert Matuella (claimant).

Claimant was employed as a serviceman by Terminix International, and the referee found that he was discharged by his employer because he was involved in three accidents in one year's time with a company vehicle and these accidents were due to claimant's negligence. The referee concluded that, since claimant was involved in three accidents within a relatively short period of time, his conduct rose to the level of willful misconduct as defined in Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).[1] Therefore, the referee decided that the claimant was ineligible for compensation benefits and the Board affirmed the referee's decision.

However, the Board concedes that in the instant case the claimant's culpability, with regard to the first two accidents, has not been made part of the record. In *Coulter v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 462, 466, 332 A.2d 876, 879 (1975), this Court held:

A single dereliction or a minor and casual act of negligence or carelessness does not constitute willful misconduct. Rather, it is a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produces substantial financial loss to the employer which will support the conclusion that an employe is guilty of willful misconduct. *See* Allen Unemployment Compensation Case, 168 Pa. Superior Ct. 295, 77 A.2d 889 (1951).

---

[1] Section 402(e) provides: "An employe shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act. . . ."

In *Schappe v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 249, 253, 392 A.2d 353, 355-56 (1978), we stated:

> While the number of accidents cannot be said to be unimportant in a determination of whether such accidents constitute willful misconduct, we do not believe that the number is the sole and exclusive criterion. Rather, the controlling issue is whether the nature of the Claimant's negligence is such as to demonstrate 'manifest culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests *or the employee's duties and obligations.'* Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review, [10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973)]. (Emphasis added). Obviously each case will have to be decided on its own facts, irrespective of the number of accidents involved.

Since here the record does not disclose the circumstances of the earliest two accidents in which claimant was involved and since the referee's decision, affirmed by the Board, was foundationed on claimant's involvement in three accidents, we vacate the Board's order and remand for a further hearing to ascertain the nature and circumstances of the two accidents which occurred earliest in time and the culpability, if any, associated therewith. Thereafter, the compensation authorities shall render a further decision.

### Order

And Now, this 18th day of November, 1981, the order of the Unemployment Compensation Board of Review affirming a referee's decision denying unemployment compensation benefits to Albert Matuella

is vacated, and the case is remanded to the Board for the purpose of taking additional evidence and making new findings of fact consistent with the above opinion.