Frank Bucher, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 11, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Peter B. Macky,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, August 11, 1983:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of unemployment compensation benefits to Frank Bucher (Claimant) on the ground that he had been discharged from employment for willful misconduct, and was thus disqualified from receiving benefits by the provisions of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We reverse.

Claimant was last employed as a plant operator at the Milton Borough Sewage Plant, a position he held for approximately three and a quarter years prior to his last day of work, September 9, 1980. Claimant's responsibilities as a plant operator included making an inspection tour at the end of each shift with members of the following shift. On January 20, 1979, Claimant's supervisor noticed that this inspection tour had not been made, and as a result of this incident Claimant and two other operators were suspended for a period of two days. Over a year and a half later, Claimant was left with written instructions to turn on an ammonia pump and an ammonia valve about an hour before the end of his shift, and at the proper time Claimant turned on the pump and twisted the valve. Since a prior shift had improperly left the valve on the on position, however, Claimant in fact turned the ammonia valve to the off position. Thereafter, at an inspection tour at the end of his shift, Claimant and Jeffrey Klobe, a plant operator from the next shift, noticed that the ammonia hose was collapsed. Neither could determine the cause of the collapse, however, and at the end of the inspection tour Claimant went home. Mr. Klobe subse-

quently forgot to look into the matter, and the collapsed hose was discovered by Claimant's supervisor the following morning. Claimant was subsequently discharged for this incident. At a subsequent referee's hearing the parties agreed that no harm had been caused to the plant or the quality of sewage treatment as a result of the incident involving the ammonia valve. The referee subsequently found as facts, however, (1) that Claimant was "discharged for failure to follow instructions concerning the operation of the plant[,]" and (2) that he "had previously been warned and suspended in this regard[,]" a reference to Claimant's 1979 suspension, and concluded that this behavior constituted disqualifying willful misconduct. The Board affirmed this determination and the present appeal followed.

Here, Claimant alleges that the Board erred as a matter of law by concluding that his conduct constituted disqualifying willful misconduct. We agree.

It is settled that an employee's negligence does not constitute willful misconduct unless it is of "such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer".

*Coleman v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 113, 115, 407 A.2d 130, 131-32 (1979) (quoting *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 272, 213 A.2d 221, 223 (1965)). Hence, we have held that an employer cannot meet its burden of proving willful misconduct by merely showing that an employee committed a negligent act, but instead must present evi-

dence indicating that the conduct was of an intentional or deliberate nature. *See Frazier v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 474, 411 A.2d 580 (1980) (Evidence that a claimant on one occasion negligently left a money bag on his desk resulting in the loss of $820.34 to his employer was insufficient to support a conclusion that he was guilty of willful misconduct.); *Coleman* (Evidence that a truckdriver was involved in two traffic accidents over a three month period, at least one of which caused no financial harm to the employer, insufficient to support a conclusion of willful misconduct.); *Schappe v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978) (Evidence indicating that truckdriver was involved in two accidents causing financial harm to his employer within a period of thirty days was sufficient to establish disqualifying willful misconduct.); *Coulter v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 462, 332 A.2d 876 (1975) (Evidence that a claimant damaged his employer's truck in a traffic accident was insufficient to support a denial of benefits on the basis of willful misconduct.)

In the present case, the record shows that Claimant's employer failed to present any evidence indicating that Claimant's failure to turn on the valve was in any way intentional or deliberate. Instead, the undisputed evidence of record indicates that Claimant attempted to comply with his employer's directive, but was misled into turning the valve off since a prior shift had improperly left the valve in the on position. The record further indicates that this single instance of negligence caused no harm, financial or otherwise, to the employer. As a result

of this lack of evidence of an intentional or deliberate disregard on Claimant's part of his employer's interests, we believe that Claimant's employer failed to meet its burden of establishing willful misconduct, and, therefore, we must reverse.

ORDER

Now, August 11, 1983, the order of the Unemployment Compensation Board of Review, Decision No. B-191722, dated January 27, 1981, is reversed, and the record in this case is hereby remanded to the Board for the computation and payment of benefits to Frank T. Bucher.