James J. Drake, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 3, 1983, before President Judge CRUMLISH, JR. and Judges BARRY and BARBIERI, sitting as a panel of three.

*Vincent A. DeFalice*, for petitioner.

*Charles D. Donahue*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, January 26, 1984:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) deny-

ing unemployment compensation benefits to James J. Drake (Claimant) on the ground that he had been discharged from employment because of willful misconduct, and was thus disqualified from receiving benefits by the provisions of Section 402(e) of the Unemployment Compensation Law.[1] We affirm.

Claimant was last employed as a cab driver for the Yellow Cab Company (Yellow Cab), a position he held from September 27, 1979 until June 3, 1981 when he was discharged because of his involvement in an automobile accident. The referee found as facts, *inter alia*, (1) that Claimant's cab struck the rear end of another vehicle on October 10, 1979 causing $179.00 worth of damage, (2) that Claimant struck a cement block while backing out of a driveway on July 26, 1980 causing $55.00 worth of damage, (3) that Claimant struck a fence on September 3, 1980 causing $219.00 worth of damage, (4) that Claimant struck the rear of a parked car on March 26, 1981, causing an unknown amount of damage, and (5) that Claimant was involved in a fifth accident on June 3, 1981 when he struck the rear end of a car with his cab causing $851.00 worth of damage. The referee further found that while Claimant's first accident had been caused by a faulty master brake cylinder, his remaining four accidents had been caused by his negligence, and concluded that his actions amounted to disqualifying willful misconduct. As noted above, the Board affirmed this determination, and the present appeal followed.

"Where the employer, who has the burden of proving willful misconduct, has prevailed below, our scope of review is limited to determining whether or not the findings of fact are supported by substantial evidence or whether or not an error of law was committed. . . ."

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

*Ungard v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 127, 130, 442 A.2d 16, 18 (1982).

Here, Claimant initially alleges that there is not substantial evidence of record to support the Board's finding that his March 26, 1981 and June 3, 1981 accidents were caused by his negligence. We disagree.

With respect to his March 26, 1981 accident, Claimant testified before the referee that he had simply run into the back of a parked cab on a rainy day. Similarly, with respect to the June 3, 1981 accident, Claimant testified that he had struck the rear end of a car at an intersection on a rainy day. While Claimant did testify that his cab had poor shock absorbers and snow tires which did not have good traction in rainy conditions, Claimant also indicated that he was aware of these conditions before each of the accidents, thereby lending credence to Yellow Cab's assertion that he should have driven more cautiously when it rained if his cab had reduced traction in such conditions. While the Board might have inferred from this testimony that Claimant's March 26, 1981 and June 3, 1981 accidents had been caused by mechanical malfunctions, it did not do so, and the resolution of such factual issues, being within the sole province of the fact finder, here the Board, will not be disturbed on appeal. *Torelli v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 35, 404 A.2d 773 (1979).

Claimant finally alleges that the Board erred as a matter of law by concluding that his actions amounted to disqualifying willful misconduct. We disagree.

The term "willful misconduct" has been defined by this Court to be the wanton and willful disregard of the employer's interests, the deliberate violation of rules, the disregard of standards of behavior which the employer can rightfully expect of his employee, or negligence which manifests culpability, wrongful in-

38

tent, evil design, or the intentional and substantial disregard of the employee's duties and obligations. *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). With respect to the question of when negligence may constitute disqualifying willful misconduct we noted in *Coulter v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 462, 332 A.2d 876 (1975) that:

> [a] single dereliction or a minor and casual act of negligence or carelessness does not constitute willful misconduct. Rather, it is a series of accidents, attributable to negligence, occuring periodically and with consistent regularity, which produce substantial financial loss to the employer which will support the conclusion that an employe is guilty of willful misconduct.

*Id.* at 466, 332 A.2d at 879. In *Schappe v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978) we noted that it is not the number of accidents that is important in determining whether a claimant's conduct constitutes willful misconduct, but rather whether the claimant's actions evidence manifest culpability, wrongful intent, or an intentional and substantial disregard for the employer's interests. We believe that Claimant's negligent conduct here, occurring on four separate occasions in less than two years, causing his employer to pay in excess of $1,300.00 for damages and repairs, clearly amounted to an intentional and substantial disregard of his employer's interests.

ORDER

Now, January 26, 1984, the order of the Unemployment Compensation Board of Review, Decision No. B-199229, dated September 11, 1981, is affirmed.