Ronald Seyler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 10, 1984, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Daniel L. Haller,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, October 3, 1984:

Ronald Seyler appeals an order of the Unemployment Compensation Board of Review upholding a referee's decision that Seyler's two negligent accidents

with his employer's van within six months of his employment with Muzak of Pittsburgh constituted willful misconduct under section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e), thereby disqualifying him for benefits.

In related arguments, Seyler contends that Muzak did not carry its burden of proving willful misconduct, *Blount v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 627, 466 A.2d 771 (1983), and that the referee's findings of negligence are inconsistent and not supported by substantial evidence.[2] We note that the referee did not make specific findings that either accident was actually caused by Seyler's negligence. The pertinent findings are:

2. The claimant had had a chargeable accident on January 13, 1982 whereby damage was sustained to his vehicle in the amount of $1,662.00. The accident was due to bad weather conditions and no other persons or vehicles were involved.

3. At that time, the claimant was given verbal warnings concerning the accident sustained on January 13, 1982 by the general manager and the service supervisor.

. . . .

5. On June 2, 1982 the claimant had entered the entrance ramp to a highway.

6. While the claimant was coming down the entrance ramp, he did note that there was a pick-up truck ahead of him and he could not determine whether the truck's brakelights were working.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-770.

[2] *Strohecker v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 526, 382 A.2d 160 (1978).

7. When the claimant approached the entrance to the highway, he checked to determine if he would be able to pull onto the highway and as a result the claimant drove his van into the back of the pick-up truck.

However, in the discussion section of his decision, the referee made the following statements, which indicate that he based the denial of benefits on Seyler's negligence in both accidents:

The claimant had three accidents during the short period of time that he was employed by Muzak of Pittsburgh of which two were considered to be the fault of the claimant . . . the referee finds that the claimant's conduct in the instant case rises to the level of willful misconduct with reference only to the *accidents that he incurred.* (Our emphasis.)

As we noted in *Schappe v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 249, 252, 392 A.2d 353, 355 (1978), a referee's finding that an accident was "chargeable to the company" is not equivalent to a finding that the employee's negligence caused the accident. *Accord Parke v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 382, 393 A.2d 62 (1978) ("preventable" accidents are not the equivalent of "negligent" accidents).

Included in the record is an accident report, prepared by Seyler, which contains the following statement:

On approach to P. J. McArdle Bridge at South High Stadium began to slide. Tried to compensate but could not. Momentum carried to other side of bridge from right to left. When vehicle struck bridge driver's side hit and twisted to passenger side. When vehicle stopped it was facing other direction.

That report constitutes substantial evidence that Seyler's negligence did in fact cause his first accident. Unfavorable road conditions do not shield a driver from negligence. *See Knowlden v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 13, 434 A.2d 901 (1981) (claimant negligent in two accidents occurring in one day on snow and ice covered roads).[3]

With regard to Seyler's second accident, the record discloses substantial evidence, including the claimant's own testimony, to support findings of fact numbered 5, 6 and 7 (quoted above) which demonstrate that Seyler was operating his vehicle negligently. In *Schappe*, the court held that the claimant who collided with a van stopped in front of him while he looked in the mirror was negligent.

Whether Seyler's negligence was of such a nature as to constitute willful misconduct is a question of law. *Bailey v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 293, 457 A.2d 147 (1983). This court has addressed the issue of motor vehicle accidents constituting willful misconduct on numerous occasions. In *Coulter v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 462, 466, 332 A.2d 876, 879 (1975), we stated:

---

[3] *See also Kneisler v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 70, 418 A.2d 774 (1980) (bus accident in poor weather conditions caused by negligence of driver who, although aware that buses often skid in wet weather, continued to operate bus at rate of speed normal in clear, dry weather, and closely followed vehicle in front) and *Drake v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 34, 470 A.2d 1115 (1984) (cab driver's negligence caused accident on rainy day where evidence established that he was aware that cab had poor tires and shock absorbers and should have driven more carefully).

A single dereliction or a minor and casual act of negligence or carelessness does not constitute willful misconduct. Rather, it is a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer which will support the conclusion that an employee is guilty of willful misconduct.

The court later stated in *Schappe:*

While the number of accidents cannot be said to be unimportant in a determination of whether such accidents constitute willful misconduct, we do not believe that the number is the sole and exclusive criterion. Rather, the controlling issue is whether the nature of the Claimant's negligence is such as to demonstrate "manifest culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests *or the employee's duties and obligations.*" (Adding emphasis and citing Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).) Obviously, each case will have to be decided on its own facts, irrespective of the number of accidents involved.

*Id.* at 253, 392 A.2d at 355-56.

Our review of this record in comparison with the many willful misconduct cases involving motor vehicle accidents convinces us that this case is closest factually to *Schappe* where, within thirty days, the claimant had two negligent accidents, the second occurring in almost identical fashion to Seyler's second accident. As in *Schappe,* we conclude that the two accidents, which caused a total of $5,452.33 in damages to Muzak's van, demonstrate such a "lack of care for [the]

employer's equipment'' as to constitute willful misconduct. *Id.* at 254, 392 A.2d at 356.

Accordingly, we affirm.

Now, October 3, 1984, the order of the Unemployment Compensation Board of Review, entered at B-212718, on December 13, 1982, is affirmed.