521 A.2d 536

Colonial Taxi and Paratransit Services, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Mark S. Shiffman, Baskin and Steingut, P.C.,* for petitioner.

*Samuel H. Lewis,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 2, 1987:

The Colonial Taxi and Paratransit Service, Inc., the employer, appeals from an order of the Unemployment Compensation Board of Review which adopted a ref-

eree's decision to grant benefits to David Ward, the claimant. We affirm.

Preliminarily, the employer claims procedural error in the board's proceedings. The board initially reversed the referee's decision and denied benefits to the claimant. Upon the claimant's request for reconsideration, the board vacated its earlier order. In the board's final order, in which only two of the three board members participated, the members could not reach a consensus and, consequently, adopted the referee's decision as the board's final order.

The employer contends that the board should have reinstated its original decision and order because the vacation of that decision was necessarily subject to the issuance of a new decision by the board. The employer insists that, because the board's final order does not constitute an *action* either affirming, reversing or remanding the referee's decision, the board's earlier order reversing the referee must stand.

The issue is whether the referee's decision stands as the final order of the board if the board vacates, upon reconsideration of an appeal, its earlier order reversing the referee and subsequently declines to affirm or reverse the referee's decision.

Section 502 of the Unemployment Compensation Law,[1] 43 P.S. §822, states that the referee's decision shall be deemed the board's final order pending subsequent board action:

> The parties and the department shall be duly notified of the referee's decision and the reasons therefor, *which shall be deemed the final decision of the board,* unless an appeal is filed therefrom, within fifteen days after the date of such

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

decision the board acts on its own motion, to review the decision of the referee. (Emphasis added.)

Section 504 of the Unemployment Compensation Law, 43 P.S. §824, which authorizes the board to review decisions of a referee, merely authorizes the board to affirm, modify or reverse but does not require such action in all appeals:

The board shall have power, on its own motion, or on appeal, to remove, transfer, or review any claim pending before, or decided by, a referee and in any such case and in cases where a further appeal is allowed by the board from the decision of a referee, *may* affirm, modify, or reverse the determination or revised determination, as the case may be, of the department or referee on the basis of the evidence previously submitted in the case, or direct the taking of additional evidence. (Emphasis added.)

The board's order, reflecting its members' inability to reach a consensus, represents a refusal by the board to exercise the discretionary powers granted to it under section 504. Absent such action by the board, the referee's decision becomes the final order of the board under section 502. The board did not err, therefore, by reinstating the referee's decision when it failed to reach a consensus upon reconsideration of that decision.

Turning to the merits of the employer's appeal, the referee found that the claimant had worked nine months for the employer until May 18, 1984. An employee handbook, which the employer provided to the claimant, states that the commission of two chargeable accidents is a reason for the termination of the employee. The claimant was involved in automobile accidents, while driving the employer's vehicles, on December 22, 1983, March 29, 1984, and May 17, 1984. The employer discharged the claimant because he had at least two

chargeable accidents in violation of company policy. The referee concluded that: "While the claimant may, in the eyes of the employer, have 'been an unsatisfactory employee and the employer may have been justified in discharging him, the denial of benefits [because of willful misconduct] cannot be predicated on such grounds."

The employer concedes that mere incompetence, inexperience or inability does not constitute willful misconduct, but contends that the claimant's performance was consistently below the level of his ability and, as such, constitutes a conscious or careless disregard of the employer's interest and, therefore, willful misconduct. *See Younes v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 576, 467 A.2d 1227 (1983).

The board argues that, although the findings reveal that the claimant was involved in three accidents, the record does not justify a finding of negligence which might, in turn, support a conclusion of willful misconduct. Furthermore, the board argues that, even if the claimant negligently drove the employer's vehicles, the employer has not shown that his negligence was the product of wilfullness which resulted in a reckless disregard for the interests of the employer. *See Goodman v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 134, 476 A.2d 510 (1984).

Therefore, before we assess whether the claimant's negligence constituted willful misconduct, the pivotal issue is whether the claimant was negligent at all.

The referee's Finding of Fact No. 9 states: "The claimant always performed his work to the best of his ability." The record reveals that accident No. 1, on December 22, 1983, occurred because the employer's vehicle slid on ice despite the claimant's efforts to be careful. Accident No. 2, in March, 1984, occurred when the claimant hit the bumper of a car behind him while pull-

ing into a parking space. Accident No. 3, in May, 1984, resulted from the claimant's foot slipping off the brake so that the vehicle rolled into the car in back of him.

In *Schappe v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978), we outlined the criteria to be used in determining whether an employee's driving record constitutes willful misconduct:

> While the number of accidents cannot be said to be unimportant in a determination of whether such accidents constitute willful misconduct, we do not believe that the number is the sole and exclusive criterion. Rather, the controlling issue is whether the nature of the Claimant's negligence is such as to demonstrate 'manifest culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.'

38 Pa. Commonwealth Ct. at 253, 392 A.2d at 355-56, *quoting Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

While we recognize that the referee's Finding of Fact No. 9 does not specifically negate the existence of negligence,[2] that same finding, which is supported by substantial evidence in the record, does negate a conclusion that the claimant's actions demonstrated "manifest culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests."

---

[2] We note that Mr. Ward may have driven the employer's vehicles negligently even though he drove to the best of his ability. The standard by which the conduct of a person in a particular situation is judged in determining whether they are negligent is the care which an ordinarily prudent person would exercise under the same or similar circumstances. *Maternia v. Pennsylvania Railroad Co.*, 358 Pa. 149, 56 A.2d 233 (1948).

The employer cites *Drake v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 34, 470 A.2d 1115 (1984), *Knowlden v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 13, 434 A.2d 901 (1981), *Ingram v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 496, 408 A.2d 570 (1979), and *Schappe v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978), to support the proposition that the claimant's driving record of three accidents within five months is willful misconduct per se. In each of the cited cases, however, this court affirmed board orders denying benefits based on specific findings or obvious examples of employee negligence constituting willful misconduct. The cited authorities are distinguishable because, in the present case, the employer has failed to clearly establish a pattern of negligence, let alone a pattern of negligence constituting willful misconduct. We therefore affirm.

ORDER

Now, March 2, 1987, the order of the Unemployment Compensation Board of Review, Decision No. B-236181-B, dated March 22, 1985, is affirmed.