524 A.2d 552

Ray Ulysses, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Kim Eaton*, for petitioner.

*James K. Bradley*, Assistant Counsel, with him, *Clifford F. Blaze*, Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, April 21, 1987:

Ray Ulysses (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision finding him ineligi-

ble for unemployment compensation on account of willful misconduct.[1]

Claimant had been employed for twenty years by Ryan & Christie Storage Company (employer) as a packer and occasional driver, when he was discharged on November 28, 1983 for his involvement in an accident which resulted in $4800 worth of damage to the employer's truck. The collective bargaining agreement governing claimant's employment provided for the immediate discharge of an employee without a prior reprimand "if the cause of such discharge . . . is: (1) [a] major chargeable accident; and (2) [the] careless operating of equipment. . . ."

Claimant's application for unemployment compensation was denied by the Office of Employment Security. On appeal to the referee, the referee made the following findings of fact pertaining to the accident in question:

3. On November 23, 1983, the claimant was assigned a company truck with a height of 10' 4" to move storage from a customer's old residence to her new residence.

4. While in the process of making this delivery the claimant drove the company vehicle through an underpass 10' 2" causing an accident and damage of $4800.

5. As a result, on November 25, 1983, the claimant was notified that he was discharged effective November 28, 1983 because [of] his being involved in a major chargeable accident and his careless operating of company equipment on November 23, 1983.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

6. The major chargeable accident on November 25, 1983 was caused by negligence on the claimant['s] part.

The Board adopted the referee's findings of fact with the exception of No. 6 above, but made the following statement indicating that it based the denial of benefits on claimant's negligence: "[t]he claimant was responsible for the operation of his employer's valuable piece of equipment and acted in a negligent and irresponsible manner." The claimant's appeal to this Court followed.

In determining whether the claimant's accident constitutes willful misconduct, we are guided by this Court's decision in *Coulter v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 462, 332 A.2d 876 (1975), wherein we stated that "a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer . . . will support the conclusion that an employe is guilty of willful misconduct." *Id*. at 466, 332 A.2d at 879. Moreover, we indicated in *Coulter* that "*[a] single dereliction* or a minor and casual act of negligence or carelessness does not constitute willful misconduct." *Id*. (Emphasis added.)

We reiterate that this unfortunate accident was the first such incident marring the claimant's otherwise successful career. As we noted in *Schappe v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 249, 253, 392 A.2d 353, 355-56 (1978):

While the number of accidents cannot be said to be unimportant in a determination of whether such accidents constitute willful misconduct, we do not believe that the number is the sole and exclusive criterion. Rather, *the controlling issue is whether the nature of the Claimant's negligence is such as to demonstrate 'manifest culpability, wrongful intent, evil design, or intentional*

*and substantial disregard for the employer's interests or the employee's duties and obligations.'* (Adding emphasis and citing Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973)). Obviously, each case will have to be decided on its own facts, irrespective of the number of accidents involved.

The claimant offers various explanations for the unfortunate occurrence: that he did not regularly drive a truck for the employer, that he was unaware of the height of the vehicle that he had been assigned on the day in question, that darkness prevented him from observing a sign on the bridge indicating the height of the underpass, and that he had to pick up speed to negotiate an upgrade as he exited the underpass. In the course of his testimony before the referee, claimant stated as follows:

QR: O.K. And did you proceed to drive through this Underpass?

AC: Well, I slowed down and I told the man that was driving with me, I said, I'm going to touch it. I'm going to stop and -or try to back up. So, when I started down and everything, it went under easy, you know, it didn't roll up or anything.

. . .

QR: O.K. Is there anything else you'd like to state that I haven't already covered?

AC: Well, the only thing that, when I started up, when I gave the truck, accelerated it, when I climbed the hill, it was such a heavy truck and it never would have pulled, it would have come right back down on top of the people behind me, so I had to accelerate to climb the

hill, and that's the time that it snagged on the side. . . . I wasn't familiar with that road.

We are not unmindful of the fact that the claimant caused considerable damage to the employer's vehicle. Financial loss to the employer is not the sole nor exclusive criterion for determining whether benefits should be disallowed. *Walton v. Unemployment Compensation Board of Review,* 96 Pa. Commonwealth Ct. 472, 508 A.2d 380 (1986). More significantly, we cannot conclude that the claimant's negligence demonstrated the "manifest culpability, wrongful intent, evil design or intentional or substantial disregard for the employer's interests or [his own] duties and obligations" so as to preclude his receipt of unemployment compensation. This accident was a single and isolated incident; there was no ongoing pattern demonstrating a lack of care on the claimant's part. Indeed, the claimant testified that, on this single occasion, he approached the underpass slowly, expressed concern as to its height, proceeded without incident, and then came into contact only on the steep upgrade of the roadway.

It is the employer's burden, of course, to prove that the employee's actions rise to the level of willful misconduct. *BMY, a division of Harsco Corp. v. Unemployment Compensation Board of Review,* 94 Pa. Commonwealth Ct. 579, 504 A.2d 946 (1986). The employer's demonstration here of only this "single dereliction" by the claimant, in accordance with *Coulter,* cannot satisfy this burden.

Accordingly, we reverse the order of the Board.

## ORDER

AND NOW, April 21, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.