561 A.2d 856

**BROWNING–FERRIS INDUSTRIES OF PENNSYLVANIA, INC., Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 21, 1989.

Decided July 19, 1989.

324

John F. Hooper, John Lucas, Meyer, Unkovic & Scott, Pittsburgh, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, James K. Bradley, Asst. Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

COLINS, Judge.

Browning–Ferris Industries of Pennsylvania, Inc., (employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) granting unemployment compensation benefits to Daniel L. Olivis (claimant). We affirm.

Claimant was employed as a disposal truck driver for employer for a period of eleven (11) years. On June 9, 1988, claimant had a rear end collision with another truck, causing damage to both vehicles and personal injury to the other driver. He was suspended pending an investigation of the circumstances surrounding the accident and was subsequently discharged.

The referee found [1] that the claimant agreed that he had exercised bad judgment in determining the rate of speed of the vehicle in front of him. She further found that claimant had a prior rear end collision in 1983 but that in January 1988 employer gave a recognition award to the claimant for 325 accident-free days and that in March 1988 the claimant was one of eight employees congratulated for having gone 325 days without an accident. Finally, the referee found that claimant was discharged by employer for the accident that he had on June 9, 1988.

Employer submits that the referee and Board erred in failing to consider claimant's *history* of accidents while employed with employer's company. We disagree. The

1. The Board adopted the referee's findings.

referee noted that the single accident of June 9, 1988 was listed by the employer as the sole reason for discharge in the discharge letter sent to claimant.[2] The testimony of Mr. Cecil Medrick, employer's Vice President and General Manager, who authored the discharge letter, also supports the fact that the discharge was based solely upon the accident of June 9, 1988. In his summary of interview with the Office of Employment Security (OES) claimant listed this accident as the reason for his discharge, and OES' determination refers to a single accident.

This accident was the sole ground upon which OES ruled and therefore, the referee and the Board properly limited their inquiry to this ground. *See Bilsing v. Unemployment Compensation Board of Review*, 34 Pa.Commonwealth Ct. 199, 382 A.2d 1279 (1978).

For each of the above reasons, employer's argument that claimant's history of accidents constitutes willful misconduct and that the referee and Board erred in not considering the evidence to that effect, must fail. Employer never listed claimant's past record of accidents as the reason for his discharge in the discharge letter nor in the OES documents. The Board submits, and we agree, that these other occurrences should not, therefore, be considered upon review. *See Radio Station WVCH v. Unemployment Compensation Board of Review*, 60 Pa.Commonwealth Ct. 23, 430 A.2d 737 (1981); *Panaro v. Unemployment Compensation Board of Review*, 51 Pa.Commonwealth Ct. 19, 413 A.2d 772 (1980) (employer must prove that claimant committed an act which constitutes willful misconduct and also must prove that the act in question was the actual reason for the claimant's discharge).

The referee and the Board examined the single incident cited for claimant's discharge and found that it did not constitute willful misconduct. This Court has held that a series of accidents attributable to a claimant's negligence,

---

2. This letter was entered into the record without objection.

occurring periodically and with consistent regularity, which produce substantial financial loss to an employer will support the conclusion that a claimant is guilty of willful misconduct. *Walton v. Unemployment Compensation Board of Review*, 96 Pa.Commonwealth Ct. 472, 508 A.2d 380 (1986). However, "[a] single dereliction or a minor and casual act of negligence or carelessness does not constitute willful misconduct." *Coulter v. Unemployment Compensation Board of Review*, 16 Pa.Commonwealth Ct. 462, 466, 332 A.2d 876, 879 (1975).

In *Schappe v. Unemployment Compensation Board of Review*, 38 Pa.Commonwealth Ct. 249, 392 A.2d 353 (1978), this Court noted that the number of accidents is not unimportant in a determination of whether such accidents constitute willful misconduct, but the number is not the sole criterion. Rather, the controlling factor is whether claimant's negligence "manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations." *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168–69 (1973). Each case is to be decided on its own facts, irrespective of the number of accidents. *Schappe.*

■ The record in the instant matter reveals that there is only one accident for which any fault has been demonstrated on the part of the claimant. Guided by our decision in *Coulter*, we must agree with the Board that employer has failed to carry the burden of proving willful misconduct. *See Kentucky Fried Chicken.*

■ Employer also argues that the "critical" findings relating to claimant's responsibility for the June 9, 1988 accident and his driving record in general are not supported by substantial evidence. Specifically, employer takes issue with Finding of Fact No. 3, which reads:

3. This accident incurred a total cost of approximately $4,200.00.

The Board has conceded in its brief to this Court that the total cost incurred as a result of this particular accident was at least $24,000.00, according to the claimant's testimony, or $42,000.00 as per the employer witness. Finding of Fact No. 3 does appear, therefore, to be in error. However, this Court has held that financial loss to an employer is not the sole or exclusive criterion for determining whether benefits should be disallowed. *Walton.* Considering the fact that this was the single dereliction cited for claimant's discharge, this finding as to the costs incurred by employer was not critical to the referee's or the Board's determination.

Employer also takes issue with Finding of Fact No. 7 wherein the referee stated that the claimant had made a bad judgment in determining the rate of speed of the vehicle that was in front of him. Employer submits that the referee could not make this finding and then in the discussion portion of its decision conclude that the claimant performed his duties to the best of his ability. We see no inconsistency in this Finding of Fact and the referee's discussion. The referee explicitly noted the claimant's misjudgment in its discussion as well as the fact that claimant had been given recognition of his good driving performance. Surely, a person can be performing to the best of his ability and still make a mistake or misjudgment.

The decision of the Board is affirmed.

### ORDER

AND NOW, this 19th day of July, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.