448

603 A.2d 699

**Larry W. CAIN, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 1991.

Decided Feb. 10, 1992.

Mark J. Shire, for petitioner.

Lisa Jo Fanelli, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Larry W. Cain (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law [1] (Law) and his determination that the claimant had a recoupable overpayment under Section 804(a) [2] of the Law.

On March 6, 1991, the Bureau of Unemployment Compensation Benefits and Allowances (Bureau) issued determinations denying benefits to the claimant and establishing a recoupable overpayment of benefits. The claimant appealed and, after a hearing at which both the claimant and the employer (John Lipp, Co.) presented evidence, the referee affirmed the Bureau's determination. The claimant then appealed to the Board which adopted the findings of

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). This section provides in part that "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge for willful misconduct connected with his work."

2. 43 P.S. § 874(a). This section provides in part that "[a]ny person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay ... a sum equal to the amount so received by him ..."

fact and the reasoning of the referee and affirmed his decision. It is from this order of the Board that the claimant now appeals to this Court.[3]

The following are the pertinent findings of fact made by the referee and adopted by the Board:

7. On November 15, 1990, the claimant, while driving an employer truck, hit an automobile directly in front of said truck. The automobile was struck in its rear causing $3,000 in vehicle damage and $3,000 in other property damage to the road. The claimant was at fault in this accident.

.    .    .    .    .

10. On February 5, 1991, the claimant was driving a dump truck and claimant was delivering and dumping a load in a building of a customer. The claimant raised the dump truck bed. The claimant then drove the truck forward with the bed raised and the bed collided with the roof of the building causing property damage. The claimant was at fault in this accident.

11. The claimant's services were terminated by the employer for being involved in accidents which were the claimant's fault.

Original Record Item No. 13 at 2-3.

The claimant argues on appeal that, although he was terminated for being at fault in two accidents while driving the employer's truck, the findings of facts concerning his fault in these accidents are not supported by substantial evidence. We agree and will reverse the Board.

On November 15, 1990, the claimant was involved in an accident in which he struck another automobile in the rear with the employer's truck, causing several thousand dollars worth of damage. The referee found that the claimant was

3. Our scope of review in unemployment compensation cases where evidence has been presented by both parties, is limited to a determination of whether constitutional rights were violated, errors of law committed, or findings of fact are not supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

at fault in this accident. We are unable, however, to find any evidence in the record to support this finding of fact.

■ During the hearing, the claimant testified that he had been blinded by the sun when the November 15, 1990 accident occurred. Notes of Testimony (N.T.) at 10, Reproduced Record (R.R.) at 11a. The police report introduced by the claimant, and not objected to by the employer, determined the cause of the accident to be the brightness of the sun. Claimant's Exhibit No. 1, R.R. at 24a. The only indication that the claimant may have been at fault was made by the employer who concluded that the claimant *must* have been at fault because he hit the other vehicle from behind. N.T. at 7, R.R. at 8a. We do not believe, however, that such conclusory statements, standing alone, constitute substantial evidence to support a finding of fact.

■ The employer, having failed to prove that the first accident was the fault of the claimant, has not met its burden of proving that the claimant's actions constituted willful misconduct. No allegation has been made that the claimant acted in a reckless or intentional manner on February 5, 1991. We must conclude, therefore, that even if the claimant acted in a careless manner, this did not rise to the level of willful misconduct.

A single dereliction or a minor and casual act of negligence or carelessness does not constitute willful misconduct. Rather, it is a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer which will support the conclusion that an employe is guilty of willful misconduct.

*Coulter v. Unemployment Compensation Board of Review*, 16 Pa.Commonwealth Ct. 462, 466, 332 A.2d 876, 879 (1975).

Accordingly, we conclude that the claimant is not ineligi-

ble for benefits under Section 402(e) [4] and reverse the order of the Board.

SMITH, J., dissents.

## ORDER

AND NOW, this 10th day of February, 1992, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.

---

**4.** Due to our conclusion that the claimant is entitled to compensation, we need not address the issue of whether he received a fault overpayment under Section 804(a).