## CARL W. SWANSON v. COLUMBIA TRANSIT CORPORATION AND ANOTHER.

248 N. W. 2d 732.

December 10, 1976—No. 46551.

*Robert J. Monson,* for relator.

*Raymond W. Faricy,* for respondent employer.

Considered and decided by the court without oral argument.

PER CURIAM.

Writ of certiorari upon application of relator-employee, Carl W. Swanson, to review an order of the commissioner of manpower services. The issue is whether a school bus driver's involvement in three accidents during a 47-day period constitutes statutory "misconduct" so as to justify a partial disqualification for unemployment benefits.

On December 6, 1974, employee's bus collided with the rear end of a passenger vehicle at an intersection. A grievance committee consisting of employees and representatives of respondent Columbia Transit Corporation determined that employee had been at fault and recommended that he be suspended for 1 week.

On January 9, 1975, employee's bus was struck by a passenger vehicle, which employee testified turned left into his bus from the right-hand lane of a one-way street. No action was taken by the employer as a result of this accident.

On January 20, 1975, employee was again involved in a rear-end collision. His uncontradicted testimony was that, while traveling at a moderate rate of speed, he was unable to avoid hitting a car which had stopped to make a turn, either by application of his brakes or by steering away from the car. He subsequently discovered that the road surface was covered by glare ice under some snow and slush. A second grievance committee found that employee had been careless, had been traveling at an excessive rate of speed, and recommended that he be discharged. He was discharged as of January 22, 1975.

After employee's claim for unemployment benefits was filed, a determination of benefits was issued disqualifying him for benefits for 6 weeks. After a hearing on employee's appeal, the appeals tribunal finding that the employer had not met its burden of proving statutory misconduct, reversed the determination of the claims deputy. The commissioner of employment services reversed this finding and reinstated the disqualification of benefits.

Minn. St. 268.09, subd. 1, provides in part as follows:

"An individual shall be disqualified for benefits:

"(1) If such individual voluntarily and without good cause attributable to the employer discontinued his employment with such employer or was discharged for misconduct, not amounting to gross misconduct, connected with his work or for misconduct which interferes with and adversely affects his employment, if so found by the commissioner, for not less than five nor more than eight weeks of unemployment in addition to and following the waiting period * * *."

In Tilseth v. Midwest Lbr. Co. 295 Minn. 372, 374, 204 N. W. 2d 644, 646 (1973), we adopted the construction of "misconduct" enunciated by the Wisconsin Supreme Court in Boynton Cab Co. v. Neubeck, 237 Wis. 249, 259, 296 N. W. 636, 640 (1941):

"* * * [T]he intended meaning of the term 'misconduct' * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed 'misconduct' * * *."

We have reviewed the transcript and proceedings in this matter and can find no evidence of behavior of employee that would meet our adoptive definition of misconduct. Taken separately, employee's accidents only represent incidents of inadvertence or negligence. While we do not rule out the possibility of a series of negligent or inadvertent acts amounting to misconduct,[1] the evidence does not support such a conclusion in this case.

---

[1] See, Annotation, 26 A. L. R. 3d 1356, § 6.

While employee's negligent acts were a sufficient basis for his discharge by his employer, they did not amount to disqualifying misconduct under the standards referred to above.

Reversed.