Emilio Venanzi, Petitioner *v.* Commonwealth of
Pennsylvania, Unemployment Compensation
Board of Review, Respondent.

Argued March 5, 1979, before Judges WILKINSON,
JR., MENCER and BLATT, sitting as a panel of three.

*Richard B. Gelade,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with
him *Gerald Gornish,* Attorney General, for respon-
dent.

Opinion by Judge Wilkinson, Jr., April 2, 1979:

In this appeal, petitioner (claimant) challenges the finding of the Unemployment Compensation Board of Review (Board) that he is ineligible for benefits because his discharge was for willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

Claimant, a truck driver, was discharged and subsequently denied unemployment compensation benefits on the basis of his involvement in three accidents with company trucks during a period of about three weeks. Although the middle accident was attributed to claimant's attempt to avoid an animal on the road, each of the other two resulted in citations for careless driving. The Board concluded from the evidence presented that "claimant's conduct was negligent and had a detrimental impact on his employer's interest" justifying the conclusion that claimant's conduct constituted willful misconduct.

Substantial evidence supports the Board's finding of negligence and the detrimental impact it had on employer's interest. Claimant argues that the evidence of the citations is hearsay and incompetent to support a finding of negligence. No authority is necessary to support our conclusion that the following testimony given by claimant vitiates any strength that argument might otherwise have had.

QR: Did you appear in court on any of these?

AC: Yes, I appeared in court on the first one and I appeared in court on the third one.

QR: What was the outcome?

AC: Well careless driving, I got a ticket for that.

QR: Did you get a fine? Did you have to pay a fine?

AC: Yes, you have to pay a fine when you get a ticket. I don't care where it is at, you have to pay a fine.

Claimant's testimony also substantiates the severe and costly damage sustained by employer's equipment. The first truck was destroyed with insurable damages of $7,200. The second truck was repairable at a cost of $2,500-$3,000. The final accident also resulted in a total loss but no specific dollar amount was supplied.

The remaining question is whether, given the Board's findings regarding claimant's accidents, the legal conclusion characterizing that conduct as willful misconduct is appropriate. This Court's recent decision in *Schappe v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978) is controlling. The claimant in that case was discharged for willful misconduct consisting of his involvement in two accidents with his employer's trucks occurring within 30 days of each other. Estimated damages from the two accidents amounted to $1,200. Judge MacPhail, speaking for the Court in *Schappe, supra* at 253-54, 392 A.2d at 355-56 stated pertinently:

[T]he controlling issue is whether the nature of the Claimant's negligence is such as to demonstrate 'manifest culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests *or the employee's duties and obligations.*' Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review, supra. [10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973)] (Emphasis added.) Obviously, each case will have to be decided on its own facts, irre-

spective of the number of accidents involved. Here, the Claimant had a duty and obligation to preserve his employer's equipment. We must conclude that even though there were but two (2) accidents, they occurred within such a short interval of time and were so demonstrative of the Claimant's lack of care for his employer's equipment that they amounted to willful misconduct.

The facts in the present case argue even more persuasively for a finding of willful misconduct.

Accordingly, we will enter the following

ORDER

AND Now, April 2, 1979, the order of the Unemployment Compensation Board of Review, at B-152063, dated December 29, 1977, is hereby affirmed.