Robert J. Coleman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 3, 1979, before Judges ROGERS, DISALLE and CRAIG, sitting as a panel of three.

*J. Hugh O'Donnell,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 30, 1979:

Robert J. Coleman here appeals from a decision of the Unemployment Compensation Board of Review upholding a referee's denial of benefits. The referee held that Coleman had been discharged from his employment for his willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

All of the facts were developed by Coleman's testimony; his employer didn't appear. Coleman was working as a tractor trailer driver for Industrial Metals for about three months. During this time, he was involved in two traffic accidents. In the first one, he struck the rear of another truck, causing no damage to his employer's truck and only very minor damage to the other vehicle. The second accident occurred when on a wet day Coleman's brakes failed while he was attempting to pass a slow-moving trash truck. Coleman's vehicle struck the rear of the trash

truck and came into contact with the side of another tractor trailer travelling in the passing traffic lane. Coleman received and paid a traffic citation for the second accident. He was also discharged from his employment.

It is settled that an employee's negligence does not constitute willful misconduct unless it is of " 'such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.' " *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 272, 213 A.2d 221, 223 (1965) (quoting 48 Am. Jur. *Social Security, Unemployment Insurance, and Retirement Funds* §38 (1943)). In *Coulter v. Unememployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 462, 466, 332 A.2d 876, 879 (1975), we wrote:

> A single dereliction or a minor and casual act of negligence or carelessness does not constitute willful misconduct. Rather, *it is a series of accidents, attributable to negligence, occurring periodically and with consistent regularity,* which produce substantial financial loss to the employer which will support the conclusion that an employe is guilty of willful misconduct. (Emphasis added.)

*Schappe v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978) is also instructive; there we held that an employee who had two accidents within a 30-day period each of which resulted in substantial financial loss to the employer was properly held to have been guilty of willful misconduct. We observed in *Schappe,* moreover, that the controlling issue was whether the driver's negligence demonstrated intentional or substantial disregard for his employer's interests.

In this case, there is no evidence of the extent of financial loss to Coleman's employer in either accident. Indeed, the first accident in which he was involved seems to have been the occasion for no more than insignificant loss, if any. While the second accident was more serious and the payment of a fine is some evidence of poor driving, we believe that under all of the facts, which include a wet road and faulty brakes, the holding that Coleman was guilty of willful misconduct was erroneous. The evidence did not demonstrate intentional disregard of his employer's interests.

We therefore reverse and remand for benefits.

ORDER

AND Now, this 30th day of October, 1979, the order of the Unemployment Compensation Board of Review is reversed and the record is remanded to the Board for calculation of benefits.