Kendal/Crosslands, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, June 11, 1982, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Doreen S. Davis, Obermayer, Rebmann, Maxwell and Hippel,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, July 23, 1982:

Kendal Crosslands, a residential development for senior citizens, has appealed from an order of the Unemployment Compensation Board of Review awarding benefits to Charles E. Boddy, a former chauffeur. Kendal argues that Boddy is ineligible for benefits because he was dismissed for willful misconduct consisting of two instances of negligence. We affirm the Board's order.

The Board made the following findings:

2. On December 12, 1980, one of the claimant's passengers fell and received minor injuries moments after being discharged from the bus which the claimant was driving.

3. On January 9, 1980, a passenger of the claimant apparently fell when her coat became

caught in the door of claimant's vehicle and claimant began to drive away.

4. In both incidents, the claimant stopped to render assistance to the passengers, until he was satisfied that the passengers were being properly attended by others.

5. The employer found that the claimant was negligent in both incidents, and discharged the claimant for that reason.

6. Both incidents were accidental occurences [sic].

Under the heading, Discussion, the Board of Review made it clear that the word accidental imported the absence of negligence on the part of the claimant.

Kendal had the burden of persuading the compensation authorities that Boddy was guilty of willful misconduct. It failed because the compensation authorities accepted Boddy's testimony that the occurrences were accidental, that is, not due to his negligence.

There is no evidence favorable to Kendal which the Board capriciously disregarded. Indeed, the written statement of one of the ladies who fell corroborated the claimant's testimony that she fell on the sidewalk after she had left the bus; in the case of the other lady there was no evidence suggesting that the claimant should have known her coat was caught in the door. Further, not only was the negligence charged not found, as described it was not of such degree or frequency as to show an intentional and substantial disregard of the claimant's duties and the employer's interest as to be disqualifying in this class of case. *Coleman v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 113, 407 A.2d 130 (1979).

Order affirmed.

## ORDER

AND NOW, this 23rd day of July, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.