BARRY PESCE, Plaintiff-Appellee, v. THE BOARD OF REVIEW OF THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 86—2049

Opinion filed October 20, 1987, *nunc pro tunc* May 12, 1987.

Neil F. Hartigan, Attorney General, of Springfield (William D. Frazier, Assistant Attorney General, of Chicago, of counsel), for appellants.

Jeffrey B. Gilbert and Paul B. Marcovitch, both of Legal Assistance Foundation of Chicago, of Chicago, for appellee.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff, Barry Pesce, brought an administrative review action in the circuit court of Cook County (Ill. Rev. Stat. 1983; ch. 110, par. 3— 101 *et seq.*), seeking review of a decision of the Illinois Department of Employment Security, Board of Review (Board). The Board found, pursuant to section 602(A) of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 432(A)), that plaintiff was ineligible for unemployment insurance benefits because he was discharged from his job for misconduct. The circuit court reversed the Board's decision, and the Board has appealed, contending that its decision was supported by the manifest weight of the evidence and was in accordance with the law.

Plaintiff was employed as a driver of a medicar, used to transport patients to and from hospitals and nursing homes, for A.C.S. Medicar (employer) for approximately 3½ months. During that time, he was involved in four accidents with the employer's vehicle. Each of these accidents occurred while plaintiff was backing up and resulted in plaintiff's striking a stationary object with the vehicle. There were no patients in the medicar at the times of these accidents and none of

the accidents caused severe damage. Plaintiff was suspended from work for three days after the first accident, paid the employer for the damage to the medicar after the second accident, and was again suspended after the third accident. After the fourth accident, the plaintiff was discharged because his involvement in the accidents violated a company rule.

Plaintiff's application for unemployment insurance benefits was denied by a claims adjudicator and plaintiff filed an appeal of that determination. An administrative hearing was conducted at which plaintiff appeared *pro se*. The employer was represented by Steve Rabin, vice-president of operations. Rabin testified that the employer felt that there was no choice but to terminate the plaintiff because he had some type of problem when he was backing up the medicar. Rabin also stated that plaintiff was a member of a union while working for the employer and that a union rule provided for discharge after two accidents. When asked by the hearing referee whether the employee is allowed leeway for accidents that are not his fault, Rabin answered affirmatively and indicated that was why plaintiff was discharged after four accidents rather than after two. The hearing referee issued a decision denying benefits, finding plaintiff ineligible because his actions constituted misconduct within the meaning of the Act.

Plaintiff thereafter retained counsel and appealed the referee's decision to the Board. The Board affirmed the denial of benefits pursuant to section 602A of the Act. Plaintiff subsequently filed a complaint in the circuit court for administrative review of the Board's determination. The circuit court reversed the Board's decision, finding it to be incorrect as a matter of law. On appeal the Board contends that the circuit court erred.

■■ The findings and conclusions of an administrative agency on questions of fact are considered to be *prima facie* true and correct. (*Flex v. Department of Labor* (1984), 125 Ill. App. 3d 1021, 466 N.E.2d 1050.) However, a reviewing court is not bound to give the same deference to an agency's conclusions of law, such as its construction of a statute, as it gives to its findings of fact. Although a court of review might affirm a factual conclusion as not against the manifest weight of the evidence even if it would have reached the opposite conclusion, it cannot let stand a decision based upon an erroneous construction of a statute. *Flex v. Department of Labor* (1984), 125 Ill. App. 3d 1021, 466 N.E.2d 1050.

The Board argues that the plaintiff's actions disqualify him for benefits under section 602A of the Act, which provides as follows:

"An individual shall be ineligible for benefits for the week in

which he has been discharged for misconduct connected with his work and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks which are either for services in employment, or have been or will be reported pursuant to the provisions of the Federal Insurance Contributions Act by each employing unit for which such services are performed and which submits a statement certifying to that fact." (Ill. Rev. Stat. 1983, ch. 48, par. 432(A).)

The Board asserts that plaintiff's involvement in four auto accidents with stationary objects while backing up in the employer's vehicle constituted misconduct under this provision. The plaintiff, however, urges that, although he may have been properly discharged, his actions did not constitute misconduct and should not operate to disqualify him for unemployment insurance benefits. We agree with plaintiff's position.

■ Every justifiable discharge does not disqualify the discharged employee from receiving unemployment benefits. An employee's conduct may be such that the employer may properly discharge him. Such conduct may not, however, constitute "misconduct connected with the work" which disqualifies him from receiving unemployment benefits. *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 475 N.E.2d 879.

Misconduct has been defined as conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer had the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 475 N.E.2d 879; *Boynton Cab Co. v. Neubeck* (1941), 237 Wis. 249, 296 N.W. 636.

■ Every violation of a company rule will not constitute misconduct. The rule must be a reasonable rule governing the conduct or performance of an employee. In addition to the existence of such a rule, it must be shown that the breach of the rule is deliberate or its equivalent, as indicated in the above definition. *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 475 N.E. 2d 879.

■ In this case, the record shows that the plaintiff had four accidents with stationary objects while backing up in the employer's vehicle. There is no evidence of deliberate conduct or a wilful or wanton disregard of the employer's interests. Similarly, we do not find that

the plaintiff's conduct can be characterized as carelessness or negligence of such a degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the plaintiff's duties and obligations to his employer. We find this case analogous to *Boynton Cab Co. v. Neubeck* (1941), 237 Wis. 249, 296 N.W. 636, and agree with the court's holding that a finding of misconduct is improper where there was no showing of an unreasonable and improper course of conduct from which could be imputed a lack of proper regard for the employer's interests.

The Board states in its reply brief that plaintiff was discharged due to his inability to back up the employer's vehicle. The Board then goes on to equate the plaintiff's inability to back up the vehicle with gross indifference to the interests of his employer, thereby disqualifying him from receiving unemployment insurance benefits. We do not agree with this conclusion. The Board argues that a finding of misconduct is necessary to avoid the potential of his injuring or aggravating an existing injury of one of the patients who relied on him for transportation. This is, however, an erroneous construction of section 602A of the Act. As previously stated, although the employer's discharge of the plaintiff may have been proper, there is insufficient evidence in the record to establish that plaintiff's conduct constituted misconduct under the statute.

For the foregoing reasons, we hold that the circuit court's reversal of the Board's decision finding it to be incorrect as a matter of law was proper. The judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and BILANDIC, JJ., concur.