Salem

LESLIE T. ISRAEL

v.

VIRGINIA EMPLOYMENT COMMISSION

No. 0805-87-3

Decided September 20, 1988

COUNSEL

Paul Beers, for appellant.

Susan T. Ferguson, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KEENAN, J.** — Leslie T. Israel appeals from an order affirming a Virginia Employment Commission's (commission) decision that denied him unemployment compensation benefits. The commission denied Israel benefits based on its finding of work-related misconduct. The issue presented in this appeal is whether the occurrence of two accidents approximately one week apart, involving coal trucks driven by Israel for his employer, Stinson Enterprises, Inc.

(Stinson), constituted misconduct under the Virginia Unemployment Compensation Act (Act). We reverse the trial court's order based on our finding that Israel's behavior was not misconduct under the Act.

Israel was employed by Stinson from June 6, 1983, through July 9, 1986. Approximately one week prior to his termination, while driving a loaded coal truck, Israel's truck met an oncoming truck at a point where the road was too narrow to allow the two trucks to pass. Israel attempted to back up his truck about twenty feet to a point where the road widened. In attempting this maneuver, he drove his truck onto the shoulder of the road. The shoulder collapsed causing the truck to slide into a ditch. The resulting damage to the truck was estimated at $1,000.

On July 8, 1986, Israel was driving the same truck for Stinson. He pulled into a service station when his engine began to fail. He checked for vehicles behind him, but failed to see a utility pole which was in a blind spot behind his truck. While backing the truck, he struck the utility pole and broke an electric meter attached to the pole. Stinson was required to pay approximately $200 for the broken meter. As a result of these two accidents, Israel was terminated from his employment.

In its opinion, the commission relied upon *Coulter v. Unemployment Compensation Board*, 16 Pa. Commw. 462, 466, 332 A.2d 876 (1975), and *Coleman v. Unemployment Compensation Board*, 47 Pa. Commw. 113, 407 A.2d 130 (1979), where the court stated:

A single dereliction or a minor and casual act of negligence or carelessness does not constitute willful misconduct. Rather, it is a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer which will support the conclusion that an employee is guilty of willful misconduct.

*Coulter*, 16 Pa. Commw. at 466, 332 A.2d at 879; *see also Coleman*, 47 Pa. Commw. at ___, 407 A.2d at 132. Applying these principles, the commission denied Israel benefits, finding that the accidents were "of such a nature or so recurrent as to manifest a willful disregard of the employer's interest and the du-

ties and obligations the claimant owed his employer." *See Branch v. Virginia Employment Commission,* 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978). The trial court affirmed the commission's decision.

█ Initially, we note that in any judicial proceedings "the findings of the commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Code § 60.2-625(A); *see Lee v. Virginia Employment Comm'n,* 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985). Whether an employee's behavior constitutes misconduct, however, is a mixed question of law and fact reviewable by this court on appeal. *See Blake v. Hercules, Inc.,* 4 Va. App. 270, 356 S.E.2d 453 (1987).

█ The purpose of the Act is to "provide temporary financial assistance to workmen who [become] unemployed without fault on their part. The statute as a whole . . . should be so interpreted as to effectuate that remedial purpose implicit in its enactment." *Ford Motor Co. v. Unemployment Compensation Commission,* 191 Va. 812, 824, 63 S.E.2d 28, 33-4 (1951). However, Code § 60.1-58(b)[1] (now § 60.2-618(2)) disqualifies employees who are discharged from their employment due to work-related misconduct.

█ The Virginia Supreme Court defined misconduct, for purposes of the Act, in *Branch v. Virginia Employment Commission,* 219 Va. 609, 249 S.E.2d 180 (1978). In *Branch,* the Court stated:

[A]n employee is guilty of "misconduct connected with his work" when he *deliberately* violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a *willful* disregard of those interests and the duties and obligations he owes his employer.

---

[1] Code § 60.1-58(b) provided: An individual shall be disqualified for benefits upon separation from the last employing unit for whom he has worked thirty days or from any subsequent employing unit:

\* \* \* \*

(b) For any week benefits are claimed until he has performed services for an employer during thirty days, whether or not such days are consecutive, and subsequently becomes totally or partially separated from such employment, if the commission finds such individual is unemployed because he has been discharged for misconduct connected with his work.

*Id.,* at 611, 249 S.E.2d at 182 (emphasis in original).

■ The *Branch* definition of misconduct has two prongs. Misconduct can be either a deliberate violation of a company rule reasonably designed to protect the legitimate business interests of the employer or an act or omission so recurrent or of such a nature to show a willful disregard of the employer's interests and the duties and obligations owed the employer. The commission argues that Israel's actions fall under the second prong of the *Branch* test. It relies on *Schappe v. Unemployment Compensation Board*, 38 Pa. Commw. 249, 392 A.2d 353 (1978). In *Schappe*, the claimant had been employed as a driver for eight months and was involved in two automobile accidents within a one month time period. *Id.* at \_\_\_\_, 392 A.2d at 355. The cause of the claimant's first accident was his attempt to pass another vehicle on the right while that vehicle was making a right hand turn. This accident cost the employer $500. The second accident occurred when the claimant struck the back of another vehicle that had stopped while the claimant was looking in his rearview mirror. This accident cost the employer $700. *Id.* In its analysis of the misconduct issue, the court stated:

> While the number of accidents cannot be said to be unimportant in a determination of whether such accidents constitute willful misconduct, we do not believe that the number is the sole and exclusive criterion. Rather, the controlling issue is whether the nature of the Claimant's negligence is such as to demonstrate "manifest culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations." Obviously, each case will have to be decided on its own facts, irrespective of the number of accidents involved.

*Id.* at \_\_\_\_, 392 A.2d at 355-56 (citations omitted)(emphasis omitted). The court found that these accidents, occurring within a short interval of time, demonstrated a lack of care for the employer's equipment and amounted to willful misconduct. *Id.* at \_\_\_\_, 392 A.2d at 356. In *Goodman v. Unemployment Compensation Board*, 83 Pa. Commw. 134, 476 A.2d 510 (1984), the court analyzed its decision in *Schappe*, stating that it had denied the claimant benefits because the "circumstances showed that the claimant was manifestly and inexcusably negligent in the case of

both accidents, and because the accidents occurred within a short interval of time." *Goodman*, 83 Pa. Commw. at ____, 476 A.2d at 513.

■ In deciding whether to grant employee-drivers unemployment compensation benefits, most states have granted benefits to employee-drivers who have been discharged after being involved in automobile accidents. Annotation, *Work-Connected Inefficiency or Negligence as "Misconduct" Barring Unemployment Compensation*, 26 A.L.R.3d 1356, 1360. This is true even though the accidents were chargeable to the employee's negligence. *Id.*; *see generally Pesce v. Board of Review*, 161 Ill. App. 3d 879, 515 N.E.2d 849 (1987)(four accidents during employee's three and one-half months of employment); *Jacquet v. Consolidated Companies*, 499 So. 2d 1002 (La. Ct. App., 1986)(two accidents within six months, costing the employer $37,000); *Yellow Cab Co. v. Stewart*, 111 So. 2d 142 (La. Ct. App., 1959)(three accidents over a ten year employment period by a taxi cab driver); *Swanson v. Columbia Transit Corp.*, 311 Minn. 538, 248 N.W.2d 732 (1976)(school bus driver involved in three accidents during forty-seven day period); *Colonial Taxi and Paratransit Services, Inc. v. Unemployment Compensation*, 104 Pa. Commw. 264, 521 A.2d 536 (1987)(three accidents in five months); *Goodman v. Unemployment Compensation Board*, 83 Pa. Commw. 134, 476 A.2d 510 (1984)(two accidents within one month, one of which not found to be due to the employee's negligence); *Coleman v. Unemployment Compensation Board*, 47 Pa. Commw. 113, 407 A.2d 130 (1979)(tractor trailer driver involved in two accidents); *Quinn v. Unemployment Compensation Board*, 201 Pa. Super. 152, 191 A.2d 714 (1963)(two accidents in a period of three years and four months by taxicab driver). Where the vehicular accidents were caused by manifest and inexcusable negligence of the employee, however, benefits have been denied. *Venanzi v. Unemployment Compensation Board*, 41 Pa. Commw. 448, 399 A.2d 805 (1979)(three accidents within three weeks, two of which resulted in employee being charged for careless driving); *Schappe v. Unemployment Compensation Board*, 38 Pa. Commw. 249, 392 A.2d 353 (1978)(two accidents within a thirty-day period, both involving clear negligence demonstrative of employee's lack of care for the employer's equipment).

In the present case, we must determine whether either accident standing alone, or the two considered together, was of such a nature as to manifest a willful disregard of Stinson's business interests or the duties and obligations Israel owed Stinson. *Branch*, 219 Va. at 611, 249 S.E.2d at 182. The commission found that the first accident occurred "[w]hen his vehicle went onto the shoulder, it (the shoulder) collapsed." The commission argues on appeal that Israel violated an industry "standard" by backing up a loaded truck. However, it made no finding that such a standard existed at the time of the accident. Further, the commission did not find that Israel knew or should have known that driving onto the shoulder of the road would cause the road to collapse. Therefore, in considering the first accident, we find an absence of evidence to support a finding of misconduct under the *Branch* test.

The second accident was caused by Israel backing his truck into a utility pole. Before backing his truck, Israel checked to see if any vehicles were behind him but failed to observe the utility pole. We believe that Israel's action in checking behind him refutes a finding that this accident was of such a nature as to manifest a willful disregard of Stinson's business interests or the duties and obligations that Israel owed Stinson. *Id.* The fact that he failed to see the utility pole was not carelessness of such a degree that would allow an inference of a willful disregard of Stinson's interests.

Since neither accident, standing alone, demonstrated a willful disregard of Stinson's interests, we must next consider whether the two accidents, while not constituting misconduct individually, were acts so recurrent that they support a finding of misconduct when viewed together. The *Branch* definition of misconduct includes acts or omissions that are so recurrent as to manifest a willful disregard of the employer's business interests and the duties and obligations the employee owes the employer. *Id.* We agree with the court in *Schappe* that the number of accidents is not the sole and exclusive criterion in determining whether a claimant's accidents constitute misconduct. *Schappe*, 38 Pa. Commw. at ___, 392 A.2d at 355.

The issue presented in multiple accident cases is whether a claimant's acts or omissions, taken as a whole, demonstrate a willful disregard of the employer's business interests or of the duties and obligations the employee owes the employer. *Branch*, 219 Va.

at 611, 249 S.E.2d at 182. The time element involved between accidents is but one factor to be analyzed in making this determination. In the case before us, Israel had been employed by Stinson for over three years. He was then involved in two accidents within approximately one week. The first accident occurred when the shoulder of the road collapsed under the weight of his truck. The second accident occurred because of Israel's failure to observe a utility pole behind the truck. Neither accident was the result of the type of manifest and inexcuable negligence that occasioned the denial of benefits in *Schappe*. The fact that the road collapsed under the truck in the first accident does not give rise to an inference of Israel's willful disregard of Stinson's interests. The record does not contain a finding that Israel had been told not to back up a loaded truck, nor does it contain a finding that an industry "standard" prohibited this conduct. With regard to the second accident, the fact that Israel checked for vehicles behind his truck but failed to see the utility pole negates a the finding that Israel willfully disregarded Stinson's interests or demonstrated a lack of care for his equipment. While the time period between the accidents is short, that fact alone will not support a finding of misconduct. The facts and circumstances presented here, when viewed together, do not support a finding that Israel's acts or omissions were of such a nature or so recurrent as to manifest a willful disregard of the employer's business interests or the duties and obligations Israel owed Stinson. *Id.* Therefore, we reverse the trial court's order and remand the case to it for entry of an order remanding this matter to the commission for proceedings consistent with this opinion.

*Reversed and remanded.*

Koontz, C.J., and Cole, J., concurred.