## CIRCUIT COURT OF THE CITY OF RICHMOND

Raymond E. Moss, Sr.

v.

Trinity Papers and
Plastics Corp. et al.

July 28, 1989

Case No. N 7288-1

By JUDGE MELVIN R. HUGHES, JR.

On July 7, 1989, the Court heard argument on Raymond Moss, Sr.'s (petitioner) appeal from a Virginia Employment Commission (Commission) decision disallowing unemployment compensation benefits.

The pertinent facts in the record are as follows. Petitioner was employed by Trinity Paper & Plastics Corporation (Company) from January 18, 1988, through August 9, 1988. His working hours during this period were 11:00 p.m. until 7:00 a.m.

On August 9, 1988, petitioner reported to work on time and began performing his assigned duties. After being at work for approximately thirty minutes, petitioner was called to his supervisor's office. The supervisor told petitioner that he smelled alcohol on his breath and asked him whether he had been drinking. Petitioner responded that he consumed two beers with a friend earlier that evening, but assured his supervisor that his consumption of the beers would not affect his job performance.

Notwithstanding this exchange, the supervisor requested petitioner to take a blood alcohol test. Petitioner refused to take the test and the company discharged him for his refusal under the following company policy:

> Long standing Company policy has prohibited the possession and use of non-prescribed controlled substances on Company premises as well as reporting for duty or working while under the influence of such drugs or alcohol. The Company has the right to have employees tested for alcohol and drugs *when those employees' conduct has given the Company "probable cause" to suspect use on the job.* (Emphasis added)

Petitioner was denied unemployment compensation benefits under Section 60.2-618(2) of the Code of Virginia, 1950, as amended. The statute denies benefits to employees who are discharged due to misconduct connected with their work.

The question presented is whether petitioner was discharged for misconduct connected with his work pursuant to Section 60.2-618(2). More specifically, did the Company have probable cause to require petitioner to submit to a blood alcohol test, thus making his refusal dischargeable misconduct.

The Commission contends that petitioner's admission of consuming two beers prior to work, along with the smell of alcohol on his breath, constituted probable cause to conduct a blood alcohol test. The petitioner, on the other hand, argues that these facts do not give rise to probable cause.

The existence or lack of probable cause is a question of law for the court. *Israel v. V.E.C.*, 7 Va. App. 169, 372 S.E.2d 207 (1988). What constitutes misconduct has been defined as follows in *Branch v. V.E.C.*, 219 Va. 609, 611:

> In our view, an employee is guilty of "misconduct connected with his work" when he *deliberately* violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or are so recurrent as to manifest a *willful* disregard of those interests and the duties and obligations he owes his employer . . . Absent circumstances in mitigation of such conduct, the employee is "disqualified

for benefits", and the burden of proving mitigating circumstances rests upon the employee.

The Supreme Court of the United States in *Schmerber v. California*, 384 U.S. 768 (1965), has explained the concept of probable cause in a criminal case which explanation is applicable for purposes here:

> [T]he Fourth Amendment's proper function is to constrain, not against all intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner. In other words, the questions we must decide in this case are whether the police were justified in requiring petitioner to submit to the blood test, and whether the means and procedures employed in taking his blood respected . . . Fourth Amendment standards of reasonableness . . . The *interests in human dignity and privacy which the Fourth Amendment protests forbid any such intrusions on the mere chance that desired evidence might be obtained. In the absence of a clear indication that in fact such evidence will be found, these fundamental human interests require law officers to suffer the risk that such evidence may disappear* unless there is an immediate search. (Emphasis added).

In the case at hand, while there is no governmental intrusion, the standard set by the company policy is the same for probable cause. There is absolutely no evidence that the two beers were consumed at work, that petitioner's job performance was impaired or that alcohol rendered him under the influence of alcohol to create probable cause and thus, to justify the company's request of him to take the test.

The Court reverses the Commission's decision because the record is deplete of any facts establishing probable cause. Petitioner's refusal to take the test was, therefore, not misconduct which would disqualify benefits.