COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia


AMERICAN AUTOMOBILE ASSOCIATION

v.        Record No. 2344-94-4      MEMORANDUM OPINION[*]
                                 BY JUDGE SAM W. COLEMAN III
AUDREY GEORGE                        JULY 5, 1995
AND
VIRGINIA EMPLOYMENT COMMISSION

            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Richard J. Jamborsky, Judge

            Scott E. Snyder (Anderson & Corrie, on brief),
            for appellant.

            Robert D. Weiss for appellee Audrey George.

            No brief or argument for appellee Virginia
            Employment Commission.


     In this appeal from a decision of the circuit court awarding
Audrey George (the employee) unemployment benefits, we hold that
the trial court did not err by finding that Ms. George left work
with good cause and that her actions did not amount to
misconduct.

     The employee worked with AAA as a membership specialist from
1989 until August 20, 1992.  In April, 1992, she requested a
vacation from July 29 until August 21 of that year.  Because the
summer months are a busy period for AAA, they granted only part
of her requested vacation period.  AAA instructed her to return
to work from vacation on August 17, 1992.  During her vacation in

_____
     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

England to visit her ill mother, her mother developed a serious heart problem which required hospitalization in a critical care unit.

She contacted her husband, who contacted AAA on her behalf to explain her situation and ask for an extended leave of absence. AAA told the employee's husband that such an extension was "not acceptable" to AAA and that she should return to work as scheduled. AAA attempted to call the employee in England several times, but failed to reach her. On August 13, AAA sent a certified letter to the employee at her home address, stating that her request for an extension was denied and that "failure to return to work by Thursday, August 20, 1992 . . . will be accepted as a voluntary resignation."

On August 17, while still in England, the employee sent her daughter to deliver a letter to AAA from the English social worker who attended her mother. The letter verified that the employee's mother had been admitted to the "Intensive Therapy Unit" and that "it would be very supportive to the patient to have her daughter with her for the next two/three weeks." The employee returned to the United States on August 26, 1992. Upon returning, she reviewed the August 13 letter, concluded that AAA had discharged her, and she made no effort to return to her employment.

## I.

The Virginia Employment Commission found that the employee

was disqualified from receiving unemployment compensation benefits because she quit her job voluntarily, without good cause, and, alternatively, that she could have been discharged for misconduct.  On appeal to the circuit court, the court reversed the commission's decision and found that the employee did not voluntarily quit, nor was she guilty of misconduct.

## II.

"An individual shall be disqualified for [unemployment] benefits . . . if the commission finds such individual is unemployed because he left work voluntarily without good cause . . . [o]r if the commission finds such individual is unemployed because he has been discharged for misconduct connected with his work."  Code §§ 60.2-618(1) and (2).  Determining whether an employee voluntarily quit without good cause is a mixed question of law and fact reviewable on appeal.  Virginia Employment Commission v. Fitzgerald, 19 Va. App. 491, 493, 452 S.E.2d 692, 693 (1995).

> [W]hen determining whether good cause existed for a claimant to voluntarily leave employment, the commission and the reviewing courts must first apply an objective standard to the reasonableness of the employment dispute and then to the reasonableness of the employee's efforts to resolve that dispute before leaving the employment.  In making this two-part analysis, the claimant's claim must be viewed from the standpoint of a reasonable employee. . . . Factors that . . . are peculiar to the employee and her situation are factors which are appropriately considered as to whether good cause existed.

Umbarger v. Virginia Employment Comm'n, 12 Va. App. 431, 435-36,

-3-

404 S.E.2d 380, 383 (1991) (citations omitted).  See also Shuler v. Employment Commission, 9 Va. App. 147, 384 S.E.2d 122 (1989).

We hold that the circuit court did not err when it found that the employee quit her employment with good cause.  The employee attempted on several occasions to contact her employer to explain the situation.  The commission accepted as fact that the employee's mother was seriously ill and hospitalized in England.  On the recommendation of the case social worker, the employee remained with her mother.  The employee explained to the employer, through her husband, that she would not be returning to work on her designated return date and supported her statements with documentation which stated she needed two-to-three weeks with her mother.  These were "steps that could be reasonably expected of a person desirous of retaining [her] employment." Umbarger, 12 Va. App. at 434, 404 S.E.2d at 383.  She did not "willfully disregard" her obligations by not returning to work. See Branch v. Virginia Employment Commission, 219 Va. 609, 610-11, 249 S.E.2d 180, 182 (1978).  The employee behaved as a reasonable person would have under the same circumstances, see Israel v. Virginia Employment Commission, 7 Va. App. 169, 175, 372 S.E.2d 207, 210-11 (1988), and did not quit her job without good cause.

### III.

Additionally, employees who are discharged because of "misconduct connected with [their] work" are disqualified from

receiving benefits. Code § 60.2-618(2). "Whether an employee's behavior constitutes misconduct . . . is a mixed question of law and fact reviewable by this court on appeal." Israel, 7 Va. App. at 172, 372 S.E.2d at 209 (citing Blake v. Hercules, Inc., 4 Va. App. 270, 356 S.E.2d 453 (1987)).

> [A]n employee is guilty of "misconduct connected with his work" when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.

Branch, 219 Va. at 611, 249 S.E.2d at 182. The employer bears the burden of proving misconduct. Kennedy's Piggly Wiggly Stores, Inc. v. Cooper, 14 Va. App. 701, 705, 419 S.E.2d 278, 280 (1992). "The statutory term 'misconduct' should not be so literally construed as to effect a forfeiture of benefits by an employee except in clear instances." Cooper, 14 Va. App. at 707-08, 419 S.E.2d at 282 (quoting 76 Am. Jur. 2d Unemployment Comp. § 77 (1992)).

Although the employer complains that the employee had a duty upon her return to the United Stated to investigate the status of her job by reporting to work, the certified letter to her from AAA clearly and expressly stated the employer's position that AAA considered that she had voluntarily resigned. By returning six days after the letter's stated date, the appellee did not have reason to investigate further. The record does not contain

-5-

evidence that the employee was guilty of willful misconduct.

Therefore, we affirm the trial court's decision.

Affirmed.
