## CIRCUIT COURT OF RICHMOND COUNTY

Martha A. Herndon

v.

Virginia Employment Commission and
Virginia Department of Corrections

January 11, 1996

BY JUDGE JOSEPH E. SPRUILL, JR.

The Petitioner, a correctional officer with the Department of Corrections working at Haynesville Correctional Center, was told by five inmates that there might be a disturbance at the center as a result of the public discussion in the Commonwealth over the abolition of parole. The inmates asked the Petitioner not to reveal their identities because they were concerned for their safety. Petitioner conveyed these reports to her superiors but refused to divulge the identity of the informants when requested to do so. Because of her refusal, Petitioner was fired.

She then filed for unemployment benefits. The Department of Corrections contested her eligibility for unemployment benefits, claiming Petitioner was fired for misconduct. The Virginia Employment Commission found that the Petitioner's refusal to identify the informants was misconduct making her ineligible for unemployment compensation.

The matter is before the Court upon a Petition for Judicial Review pursuant to Virginia Code § 60.2-625. This statute provides that the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.

There are no significant factual disputes. The issue here is whether as a matter of law the V.E.C. properly determined that Petitioner's actions constituted misconduct justifying denial of unemployment benefits. This injury is a mixed question of law and fact reviewable by the court on appeal. *Israel v. Virginia Employment Commission*, 7 Va. App. 169 (1988).

In *Branch v. Virginia Employment Commission*, 219 Va. 609 (1978), the Supreme Court defined misconduct as follows:

> An employee is guilty of "misconduct connected with his work" when he deliberately violates a company rule reasonably designed to protect legitimate business interests of his employer or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes to his employer.

In this case, when Petitioner was asked to identify the informants, she was placed in an untenable position. On the one hand, she knew she should obey the command to divulge this information or her job was at risk. On the other, she had been taught during the course of her training not to "lie to inmates and to protect things told to her in confidence by inmates who informed on other inmates, lest there be retaliation." *Examiner's Finding of Fact*, page 135. Moreover, Petitioner was concerned not only about the safety of the informants but about her own safety as well. Despite assurances that her safety would be provided for, she found a note from an inmate affixed to the windshield of her car, and her apprehension remained unabated. These are all factual findings of the Commission.

Thus, Petitioner was forced to chose either to reveal the identity of the informants and save her job (which meant disregarding her training by betraying the confidences of her informants and compromising their safety and her own as well) or to refuse to make the disclosure and suffer dismissal. Regardless of which might be deemed the wise choice here, Petitioner's choice under these circumstances cannot be considered misconduct.

Petitioner had been trained by her employer not to betray confidences of inmates. Then she is asked to do just that. We understand fully the legitimate interests the employer here had in obtaining the information which the Petitioner withheld. Nonetheless, these facts do not support a finding of misconduct under the *Branch* test. Even if such misconduct were found, Petitioner has established circumstances in obvious mitigation of her conduct.

For these reasons, the finding of the Virginia Employment Commission denying unemployment benefits to Petitioner is reversed.