COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


BETTY J. DAVIS
                                        MEMORANDUM OPINION*
v.   Record No. 1685-97-3                   PER CURIAM
                                         JANUARY 27, 1998
VIRGINIA EMPLOYMENT COMMISSION
 AND PITTSYLVANIA COUNTY SCHOOL BOARD


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                    William N. Alexander, II, Judge

            (Philip B. Baker; Joseph A. Sanzone
            Associates, P.C., on brief), for appellant.

            (Richard Cullen, Attorney General; William A.
            Diamond, Assistant Attorney General; Robert
            L. Walker, Assistant Attorney General, on
            brief), for appellee Virginia Employment
            Commission.

            (Glenn W. Pulley; Clement & Wheatley, on
            brief), for appellee Pittsylvania County
            School Board.


        Betty J. Davis contends that the trial court erred in

affirming a decision of the Virginia Employment Commission which

disqualified her from receiving unemployment benefits on the

ground that she was discharged from her employment for misconduct

connected with work under Code § 60.2-618(2).  Upon reviewing the

record and briefs of the parties, we conclude this appeal is

without merit.  Accordingly, we summarily affirm the circuit

court's decision.  See Rule 5A:27.

        "Initially, we note that in any judicial proceedings `the

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

findings of the commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.'" Israel v. Virginia Employment Comm'n, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988) (citation omitted). "In accord with our usual standard of review, we 'consider the evidence in the light most favorable to the finding by the Commission.'" Wells Fargo Alarm Servs., Inc. v. Virginia Employment Comm'n, 24 Va. App. 377, 383, 482 S.E.2d 841, 844 (1997) (citation omitted).

So viewed, the evidence proved that Davis worked as a bus driver for the Pittsylvania County School Board from September 5, 1973 through September 3, 1996. The School Board had a policy, of which Davis was aware, that prohibited bus drivers from discharging students at any location other than an authorized bus stop.

Davis was assigned to drive students to and from Blairs Middle School. On September 3, 1996, Pittsylvania County was experiencing torrential rains and flooding which caused some roads in the county to be closed. Before Davis departed that afternoon to take the children on her route home, the school principal informed her that one of the roads on the route -- Route 866 -- was closed due to flooding. The principal advised Davis to exercise her judgment in completing the route.

Upon reaching Route 866, Davis discovered that the road was impassable. Nearby, Davis observed Carolyn Simpson Harper, who

was standing outside her house, waiting for her grandchildren to be dropped off by another bus. Davis testified that, at that time, "it was raining so hard, you could barely see how to drive." Davis had seven children on her bus that were to be discharged at stops along Route 866. She asked Harper if these seven children could use Harper's telephone to call their parents. Harper assented.

Davis left the seven children in Harper's yard and departed without determining whether the children, who ranged in age from eleven to thirteen years old, actually proceeded to Harper's house to use the phone. She did not know whether any of the children's parents would be home.

Before discharging the children at Harper's residence, Davis made no attempt to ascertain whether there was an alternate route by which she could take them home. The commission found as follows:

> [Davis] knew that [Route 866] intersected at least two other roads which could provide her access beyond the point where she was stopped. In fact, one of those access points was near her home, and she actually drove on it later on in her route. Another school bus driver delivering elementary school children was able to access that portion of the road cut off by flood waters by using one of the alternate routes.

Instead of calling their parents from Harper's house, the children walked home. Some of the children walked as far as two miles and waded through flood waters five feet deep to get to their residences.

Code § 60.2-618(2) provides that a claimant will be disqualified from receiving unemployment benefits if she is discharged from employment for misconduct connected with work.

> [A]n employee is guilty of "misconduct connected with his work" when he <u>deliberately</u> violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a <u>willful</u> disregard of those interests and the duties and obligations he owes his employer.

<u>Branch v. Virginia Employment Comm'n</u>, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978). "Whether an employee's behavior constitutes misconduct . . . is a mixed question of law and fact reviewable by this court on appeal." <u>Israel</u>, 7 Va. App. at 172, 372 S.E.2d at 209.

> When an employer adopts a rule, that rule defines the specific behavior considered to harm or to further the employer's interests. By definition, a violation of that rule disregards those interests. The rule violation prong, then, allows an employer to establish a prima facie case of misconduct simply by showing a deliberate act which contravenes a rule reasonably designed to protect business interests.

<u>Virginia Employment Comm'n v. Gantt</u>, 7 Va. App. 631, 634-35, 376 S.E.2d 808, 811, <u>aff'd on reh'g en banc</u>, 9 Va. App. 225, 385 S.E.2d 247 (1989). A single violation of a policy may be sufficient, as a matter of law, to constitute misconduct. <u>See</u> <u>id.</u> at 636, 376 S.E.2d at 812.

Credible evidence supports the commission's finding that Davis was discharged for misconduct. She deliberately violated a

school policy with which she was familiar.  In dangerous weather conditions, she discharged seven children at an unauthorized location without waiting to ensure their safety and well-being. As a result of her actions, these children were exposed to potentially life-threatening conditions.

"Once the employer has borne the burden of showing misconduct connected with the work, . . . the burden shifts to the employee to prove circumstances in mitigation of his or her conduct."  Id. at 635, 376 S.E.2d at 811. Evidence of mitigation may appear in many forms which, singly or in combination, to some degree explain or justify the employee's conduct.  Various factors to be considered may include:  the importance of the business interest at risk; the nature and purpose of the rule; prior enforcement of the rule; good cause to justify the violation; and consistency with other rules.

Id.

The record supports the commission's finding that Davis presented insufficient evidence of mitigating circumstances. When the weather conditions of September 3 are considered, the employer's policy regarding authorized bus stops was indelibly linked with the safety and welfare of the children.  Davis presented no evidence that she knew Harper or that Harper was trustworthy.  Davis also failed to assure that the children followed her instruction to call their parents from Harper's home and that the parents were able to get their children.

Accordingly, the commission did not err in disqualifying her from receiving unemployment benefits.

<u>Affirmed</u>.
