COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


NORMAN H. HALE

                                        MEMORANDUM OPINION[*]
v.   Record No. 1071-98-3                  PER CURIAM
                                        NOVEMBER 24, 1998
SOUTHWEST SANITATION CO., INC.
AND
VIRGINIA EMPLOYMENT COMMISSION


              FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                       Donald R. Mullins, Judge

              (Martin Wegbreit; Client Centered Legal
              Services of Southwest Virginia, Inc., on
              briefs), for appellant.

              (Mark L. Earley, Attorney General; James W.
              Osborne, Assistant Attorney General, on
              brief), for appellee Virginia Employment
              Commission.

              No brief for appellee Southwest Sanitation,
              Co., Inc.


        Norman H. Hale contends that the trial court erred in

affirming a decision of the Virginia Employment Commission

("commission").  The commission disqualified him from receiving

unemployment benefits on the ground that he was discharged from

his employment for misconduct connected with work under Code

§ 60.2-618(2).  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the circuit court's decision.

See Rule 5A:27.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"Initially, we note that in any judicial proceedings `the findings of the commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.'" Israel v. Virginia Employment Comm'n, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988) (citation omitted). "In accord with our usual standard of review, we `consider the evidence in the light most favorable to the finding by the Commission.'" Wells Fargo Alarm Services, Inc. v. Virginia Employment Comm'n, 24 Va. App. 377, 383, 482 S.E.2d 841, 844 (1997) (citation omitted).

So viewed, the evidence proved that Hale worked as a truck driver for Southwest Sanitation, Co., Inc., from March 1, 1992 through June 15, 1993. He collected garbage for Southwest's residential and commercial customers, and his job duties included emptying garbage cans into his dump truck.

After receiving complaints from customers about unbagged trash being left in garbage cans, Southwest's owner, Arnold Booth, instructed Hale to completely empty the cans, bagging any loose trash if necessary. Booth told Hale that Southwest would provide him with bags if he did not want to dump loose trash into his truck. When Hale refused to empty customers' loose garbage into his truck, or to bag that loose trash, Booth discharged him.

Booth testified that customers are requested to bag all garbage, although they do not always do so. Most customers bag

all their trash.  Southwest will not provide service for customers throwing out hazardous waste.

Hale was fined by the courts several times for allowing litter to escape from his truck, and he was on probation at the time of his discharge.  Hale testified that he did not want to collect loose trash because it had a tendency to blow out of the truck, and he did not want to violate his probation.  He objected to bagging customers' loose garbage because he felt that it was unsanitary.  Southwest equipped Hale's truck with a tarpaulin to cover the back of the truck to prevent garbage from escaping.

Code § 60.2-618(2) provides that a claimant will be disqualified from receiving unemployment benefits if he is discharged from employment for misconduct connected with work.

> [A]n employee is guilty of "misconduct connected with his work" when he <u>deliberately</u> violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a <u>willful</u> disregard of those interests and the duties and obligations he owes his employer.

<u>Branch v. Virginia Employment Comm'n</u>, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978).  "Whether an employee's behavior constitutes misconduct, however, is a mixed question of law and fact reviewable by this court on appeal."  <u>Israel</u>, 7 Va. App. at 172, 372 S.E.2d at 209.  Insubordination, that is, a deliberate refusal to comply with a supervisor's instructions, can constitute misconduct connected with work.  See <u>Wood v. Virginia</u>

Employment Comm'n, 20 Va. App. 514, 518-19, 458 S.E.2d 319, 321 (1995).

Hale's outright refusal to follow Booth's instructions to completely empty customers' cans, bagging loose trash if necessary, demonstrated a deliberate disregard for Southwest's business interests. This conclusion is underscored by evidence of the recent complaints Southwest received from its customers. Credible evidence supports the commission's finding that Hale's actions constituted insubordination and a prima facie case of misconduct connected with work.

"Once the employer has borne the burden of showing misconduct connected with the work, . . . the burden shifts to the employee to prove circumstances in mitigation of his or her conduct." Virginia Employment Comm'n v. Gantt, 7 Va. App. 631, 635, 376 S.E.2d 808, 811, aff'd on reh'g en banc, 9 Va. App. 225, 385 S.E.2d 247 (1989).

> Evidence of mitigation may appear in many forms which, singly or in combination, to some degree explain or justify the employee's conduct. Various factors to be considered may include: the importance of the business interest at risk; the nature and purpose of the rule; prior enforcement of the rule; good cause to justify the violation; and consistency with other rules.

Id.

We cannot say that the commission erred in finding that Hale failed to meet his burden of proving mitigating circumstances. Garbage pick up, by its very nature, can be unsanitary, and Hale

could have worn gloves or other protective clothing when necessary. Hale also failed to prove that his employer's instructions were unreasonable, or unduly jeopardized his health or safety. Accordingly, the commission did not err in disqualifying Hale from receiving unemployment benefits.[1]

<u>Affirmed</u>.

---

[1]Hale asserts in his brief that this case should have been decided as a work refusal under Code § 60.2-618(3). He did not, however, present this argument either to the commission or the trial court. Accordingly, we will not address it for the first time on appeal. <u>See</u> Rule 5A:18. Moreover, Code § 60.2-618(3) only applies in situations where an individual refuses an offer of work once he is unemployed. It is inapplicable to separations from employment.