COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


WILLIAM S. HENDERSON

v.   Record No. 1056-99-2                  MEMORANDUM OPINION*
                                               PER CURIAM
VIRGINIA EMPLOYMENT COMMISSION AND         SEPTEMBER 14, 1999
 COUNTY OF HENRICO


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  Buford M. Parsons, Jr., Judge

         (William S. Henderson, pro se, on briefs).

         (Mark L. Earley, Attorney General; Lisa J.
         Rowley, Assistant Attorney General, on
         brief), for appellee Virginia Employment
         Commission.

         No brief for appellee County of Henrico.


     William S. Henderson contends the Circuit Court of Henrico

County (circuit court) erred in affirming a decision of the

Virginia Employment Commission (Commission) that disqualified

him from receiving unemployment benefits.  The Commission found

that the Henrico County Department of Public Works (the County)

discharged Henderson for misconduct connected with work under

Code § 60.2-618(2).  Henderson further contends that the circuit

court denied him a fair hearing and that he was wrongfully

terminated in contravention of the Americans with Disabilities

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Act.  Upon reviewing the record and briefs of the parties, we conclude this appeal is without merit.  Accordingly, we summarily affirm the circuit court's decision.  See Rule 5A:27.

## Sufficiency of the Evidence

"Initially, we note that in any judicial proceedings 'the findings of the commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.'"  Israel v. Virginia Employment Comm'n, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988) (citation omitted).  "In accord with our usual standard of review, we 'consider the evidence in the light most favorable to the finding by the Commission.'"  Wells Fargo Alarm Services, Inc. v. Virginia Employment Comm'n, 24 Va. App. 377, 383, 482 S.E.2d 841, 844 (1997) (citation omitted).

So viewed, the evidence proved that Henderson was employed by the County as a street maintenance worker from September 17, 1997 through February 17, 1998.  The County has a policy requiring employees to notify their supervisor each day they are absent from work, unless they are otherwise excused from that requirement.  Henderson did not return to work after February 17, 1998 because of an injury he had sustained in November 1997.

Henderson went to his doctor on February 23, 1998 and obtained a note excusing him from work through March 19, 1998.

- 2 -

He did not, however, notify his supervisor, Ron Wehry, of his absence until February 25, 1998, at which time Wehry told Henderson to bring in a doctor's note supporting his continued absence. Wehry did not hear from Henderson after that, and Henderson did not present the County with the doctor's note until after he was discharged. Henderson came to his employer's office on March 6, 1998 to pick up his paycheck and to talk with Wehry, but Wehry was away from the office. Henderson was advised to call back and schedule an appointment with Wehry, but Henderson failed to do so.

On March 20, 1998, the County advised Henderson that he was discharged for his failure to properly notify the County regarding his absence from work.

Henderson testified that he called the office every day during his absence.[1] Wehry testified, however, that he never heard from Henderson after February 25, 1998. The County conceded that Henderson called in on a number of occasions, but asserted that Henderson did not speak with Wehry as required.

> [A]n employee is guilty of "misconduct connected with his work" when he <u>deliberately</u> violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are

---

[1] In his statement to the claims deputy, preceding his appeals hearings, Henderson indicated that he did not know whether he called in between February 25 and March 6 and that he did not contact his employer after March 6 until he received the discharge letter.

- 3 -

of such a nature or so recurrent as to manifest a __willful__ disregard of those interests and the duties and obligations he owes his employer.

Branch v. Virginia Employment Comm'n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978).  "Whether an employee's behavior constitutes misconduct . . . is a mixed question of law and fact reviewable by this court on appeal."  Israel, 7 Va. App. at 172, 372 S.E.2d at 209.

When viewed in a light most favorable to the Commission and the County, the record establishes that Henderson failed to comply with the County's policy to provide proper notice to his supervisor regarding his absences.  Despite being instructed to do so, Henderson did not bring in his doctor's note following his February 25, 1998 conversation with Wehry until after he was discharged.  And Henderson also failed to schedule an appointment with Wehry after being directed to do so on March 6, 1998.  The requirements the County sought to impose on Henderson regarding his extended absence were reasonable.  Henderson's failure to comply with these requirements demonstrated a deliberate and willful disregard of his duties and obligations as a county employee, and constituted misconduct connected with work.

"Once the employer has borne the burden of showing misconduct connected with the work, . . . the burden shifts to the employee to prove circumstances in mitigation of his or her

- 4 -

conduct." <u>Virginia Employment Comm'n v. Gantt</u>, 7 Va. App. 631, 635, 376 S.E.2d 808, 811, <u>aff'd on reh'g en banc</u>, 9 Va. App. 225, 385 S.E.2d 247 (1989). Whether a claimant's evidence sufficiently mitigates his behavior so as to avoid disqualification for benefits is a question of fact for the Commission. <u>See</u> <u>Britt v. Virginia Employment Comm'n</u>, 14 Va. App. 982, 986, 420 S.E.2d 522, 525 (1992).

Henderson testified that he called in every day, but that Wehry was never present or otherwise available to talk to him. He claimed that he was told to bring in his doctor's note when he returned to work and that he did not have a proper, written diagnosis to give to his employer.

The Commission was not persuaded by Henderson's evidence of mitigating circumstances. The record supports the Commission's finding that the County discharged Henderson for misconduct connected with work and that Henderson failed to present sufficient evidence in mitigation. Accordingly, the Commission did not err in disqualifying him from receiving unemployment benefits.

## Right to a Fair Hearing

In his appellate brief, Henderson's first question presented is: "Did the dismissal of Henderson's appeal by the District [sic] Court deny Henderson's constitutionally protected right to a fair hearing?" Henderson, however, provided neither

argument nor precedent in support of this question presented. See Littlejohn v. Commonwealth, 24 Va. App. 401, 409, 482 S.E.2d 853, 857 (1997) (a party waives an issue on appeal if she does not submit written argument on the issue in her appellate brief); Rule 5A:20(e). Moreover, although the circuit court's final order reflects that Henderson appeared before the court in person, the record does not contain a transcript or statement of facts. See White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) (the onus of providing a sufficient record of appeal falls upon the party seeking to reverse the circuit court's decision). Without a proper record, we cannot determine whether Henderson's rights were respected, or whether he properly preserved this issue for appeal by objecting to the manner in which the circuit court conducted his hearing. Accordingly, we will not address this question presented.

### Americans with Disabilities Act

Appellant contends that he was discharged in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. There is no evidence, however, that he raised this issue with either the Commission or the circuit court. And we will not address the issue for the first time on appeal. See Whitt v. Race Fork Coal Corp., 18 Va. App. 71, 74, 441 S.E.2d 357, 359 (1994); Rule 5A:18.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.